John S. Nixon *et al.* Exrs., Appellees, *vs.* S. C. Nixon
*et al.*—(Mary Robinson *et al.* Appellants.)

*Opinion filed June 24, 1915.*

1. Wills—*object of construing a will is to ascertain testator's
intention.* The paramount rule in construing wills is to ascertain
from the language of the will the intention of the testator and
give effect thereto if it can be done without violating some rule
of law; but the intention is to be gathered from the whole will
and not from any clause thereof.

2. Same—*court should consider whole scope and plan of the
testator.* In construing a will the court should consider the whole
scope and plan of the testator and compare the various provisions
of the will, one with another, construing them, if possible, so that
all can stand.

3. Same—*circumstances surrounding testator may be consid-
ered.* In determining whether the testator intended by his will to
make the executors trustees and vest them with the fee in carry-
ing out the trust, the circumstances surrounding the testator, the
condition of his property, its nature and situation, the indebted-
ness of the estate, and other kindred circumstances, may be con-
sidered, and the meaning of the language of the will will be
determined in the light of such circumstances.

4. Same—*what is not a direct devise of the fee to the children.*
A provision in a will directing that the residue of the testator's
property, consisting of real estate and personal property, be di-
vided by the executors among the named children of the testator
upon the settlement of the estate, is not such a direct devise of
the fee to the children as precludes the testator from making sub-
sequent provisions directing the manner and terms of the distribu-
tion, and if the subsequent provisions clearly indicate an intention
to create a trust to be carried out by the executors, requiring them
to hold the fee, such intention will be given effect by the courts.

5. Same—*when trustee will take a fee.* A trustee takes such
an estate as the purposes of the trust require, and if a fee is nec-
essary to accomplish the purposes of the trust he will take a fee.

6. Same—*provision that appraisement and distribution by ex-
ecutors shall be final is invalid.* A provision in a will that the
appraisement and distribution to be made by the executors shall
be final and not subject to review by the courts is invalid, as the
executors are at all times subject to the control of the courts, and
any of the parties interested has a right to apply to the courts in
case of an unfair distribution.

7. SAME—*when the widow is bound by terms of the decree.* If the widow, as executrix and individually, joins with the executors in filing a bill to construe the will as creating a trust, she is bound by the decree construing the will as contended for in the bill, and on appeal by others the question whether the decree is correct as to her interest individually will not be considered.

APPEAL from the Circuit Court of Tazewell county; the Hon. JOHN M. NIEHAUS, Judge, presiding.

W. H. FOSTER, guardian *ad litem,* for appellants.

CURRAN & DEMPSEY, for appellees.

Mr. JUSTICE CRAIG delivered the opinion of the court:

Appellees, individually and as executors and trustees under the last will and testament of Henry M. Robinson, deceased, filed their bill in chancery in the circuit court of Tazewell county, to the February term, 1915, thereof, to construe the last will and testament of said deceased and for relief. The defendant S. C. Nixon had contracted with said executors to purchase certain real estate of the deceased under the powers of the executors given by the will. The other defendants were the seven children and heirs-at-law of the deceased and were named as devisees in the will. The four minor children of said deceased, Mary, Rowena, Marjorie and Raymond Robinson, by their guardian *ad litem,* have alone prosecuted this appeal from the decree rendered by the circuit court.

The second, third and fourth clauses of the will are the only parts necessary to be considered, and are as follows:

"*Second*—I give, devise and bequeath unto my beloved wife, Alice C. Robinson, should she survive me, one-third (⅓) of all my property, both real and personal, of every kind, nature and description, she to have and to hold the same in her own right in fee simple, it being understood hereby that this devise to her is in lieu of all statutory pro-

visions existing in the States of Illinois, Iowa, or any other State where I may have property situated to which she might otherwise be entitled to the benefit of.

"*Third*—It is my will that all the rest, residue and remainder of my property, both real and personal, of every kind and nature and wherever situated, be divided by my executrix and executors hereinafter named, between my children, Eulalia Robinson, Launa Robinson, Edith Robinson, Mary Robinson, Rowena Robinson, Raymond Robinson and Marjorie Robinson, on the settlement of my estate, setting off then to each of said children then living and of age, his or her portion of the property that my said executrix and executors find he or she entitled to as hereinafter provided: *Provided, however,* that in the event of the decease of any of my said children prior to the time he or she would be entitled to receive such share, leaving child or children by his or her own body, then in that event the share of such deceased child shall pass to the children of said deceased child by his or her own body, they to share and share alike therein; but in the event of the decease of any of said children named in this paragraph prior to the time he or she is entitled to receive his or her portion hereunder without leaving issue by his or her own body, then in that event the same shall be divided between the survivors of my said children named in this paragraph who are living at the time of the decease of said child and to the children of such of my said children as shall have then died leaving child or children by his or her own body, it being understood that such share shall in that event be disposed of in the same manner and on the same terms as though it had not been devised to such child or children then deceased and leaving no issue by his or her own body. It is the intention by this paragraph that my said children shall share equally in the property devised under this paragraph, and that the share so set apart to them by my executrix or executors hereinafter provided for shall be in

fee simple, and such share and interest is hereby made subject to the powers conferred upon my executrix and executors as hereinafter stated and set forth.

"*Fourth*—I hereby nominate, constitute and appoint my beloved wife, Alice C. Robinson, as executrix, and John S. Nixon, of Deer Creek, Illinois, and Charles C. Cook, of Boonville, Iowa, executors of this my last will and testament, hereby waiving the giving of bond by each of said executrix and executors, and hereby authorize, empower and direct said executrix and executors, or the survivors in the event of the decease of any of them, to carry out and completely execute the provisions of this will, hereby granting and conferring upon said executrix and executors, or their survivors, the power and authority to fully manage and control my property and estate, both real and personal, until settlement and division thereof as hereinbefore provided, and to manage, control and care for the share devised to such of my children as are minors; and I authorize, empower and direct that my said executrix and executors, or their survivors, may jointly sell, convey, contract to sell and convey, mortgage, renew mortgage or mortgages on any of my land and to obtain extensions of mortgages, all without any order or authority therefor from any court. It is my further desire, and I direct, that at the time the first distribution shall be made among my children, or any of them, the values of such shares devised to my said children and to my said wife shall be fixed and determined by my said executrix and executors above named, and that such share and shares then to be distributed among my said children, or thereafter to be distributed as herein provided, shall be conveyed by my said executrix and executors to such child or children so entitled thereto without any order or authority other than the authority conferred hereby; and the said John S. Nixon and Charles C. Cook, or the survivor of said executors, shall make and deliver to my said wife such deeds of con-

veyance as may be necessary to vest her one-third of said estate in her in fee simple, also to set off to her, by proper conveyance, her share of said personal estate. It is also my intention, and I hereby direct, that the value of the respective shares to which each of my children shall be entitled to hereunder shall be fixed and determined as of the same date as to each share, and that the fixing of the property to be assigned as each share shall be as of the same date, and shall be and take place at such time as my executrix and executors herein shall find best, but within five years after my decease in any event; and from and after the date of the determination of such values and the assignment of such shares as above stated, my said executrix and executors above named, or their survivors, shall have full power and authority to manage and control said property, as trustees, for such of my children as may be minors until they attain their majority, and for the purpose of carrying out such intent I hereby vest said trustees above named with the same powers, as such trustees, as are conferred upon them hereby as such executors, and hereby waive the giving of bond by them, or either of them, as such trustees. I further order and direct that the appraisement and distribution of my estate by my said executrix and executors, or the survivors of them, as above stated, shall be final and not subject to review by any court or tribunal."

The will was executed August 4, 1914. The testator was a resident of Woodford county, Illinois, and while in Greene county, Iowa, looking after the business of his farms in that State, was taken ill of pneumonia. He apparently understood that his illness would be fatal and sent for an attorney to prepare his will, and the will was drawn and executed. The testator died the following day. He left surviving him as his widow, the complainant Alice C. Robinson, and as his only heirs-at-law his children: Eulalia Robinson, aged twenty-eight; Launa, aged twenty-

four; Edith, aged twenty; Mary, aged seventeen; Rowena, aged sixteen; Raymond, aged thirteen; and Marjorie, aged nine. The complainant Alice C. Robinson is the mother of all of these children except Eulalia, who is a daughter by a prior marriage. The property of the testator consisted of about 3000 acres of land in Woodford and Tazewell counties, Illinois, and 3500 acres in Greene, Guthrie and Louisa counties, Iowa. The personal property consisted of live stock, farming implements, grain, etc., to the value of $41,000, notes and accounts considered good to the value of about $65,000, and of life insurance, payable to the executors, to the amount of $40,000, the total assets being worth from $900,000 to $1,000,000. All of the Illinois lands except 30 acres in Tazewell county are encumbered by various mortgages, aggregating about $235,000, coming due at various dates and all bearing interest at six per cent. The Iowa lands are all encumbered by various mortgages, amounting to about $243,000. This indebtedness comes due at various times and bears interest at from five to seven per cent. The personal indebtedness is about $123,000, of which about $63,000 is secured by collateral notes, being the notes above mentioned belonging to the estate. About 300 or 400 acres of the Woodford county land is timber pasture and the rest is good agricultural land. At the time of the death of the testator about half of the Illinois land was farmed by tenants and half under the supervision of the testator. The Iowa land was all farmed by tenants. The will was duly admitted to probate by the county court of Woodford county on August 31, 1914, and on the same day the complainants Alice C. Robinson and John S. Nixon were appointed executrix and executor, respectively, of said will by said court. On January 8, 1915, in the district court of Greene county, Iowa, the complainant Charles C. Cook was duly appointed joint executor with said Alice C. Robinson and John S. Nixon and duly qualified as such, and a duly certified copy of the

268 — 34

proceedings appointing said Cook were afterwards filed for record in the recorder's office of Woodford county.

The bill sets out in a general way the foregoing facts, and alleges that it is necessary for the executors and trustees to pay interest, accrued and accruing, on the indebtedness of the deceased, pay or renew mortgages on the land, pay the indebtedness, and close up and distribute the estate as provided in said will, and prays that said will of Henry M. Robinson, deceased, be construed, and that the decree to be entered specifically declare that said testator by said will gave, devised and bequeathed to Alice C. Robinson, John S. Nixon and Charles C. Cook, as executors and trustees, or to the survivors of them as such, all of his estate, real and personal, wherever situated, and by the said will granted and conferred upon said trustees, or the survivor or survivors, the power to fully manage and control and jointly sell and convey, or contract to sell and convey, any and all of the property of which he died seized, real and personal, and to mortgage and renew mortgages on any and all of said real estate and to obtain extensions of mortgages on any portion of said real estate without any order or authority from any court; that such powers over said property of said testator extended to and embraced the lands referred to in clause 2 of said will; that the devise to Alice C. Robinson of one-third of all of testator's property, real and personal, in fee simple, contained in clause 2 of said will, was then, and now is, subject to the powers of the trust in said will created in said executors and trustees, and subject to the power of said trustees to sell, convey, contract to convey, mortgage and renew mortgages on all of said testator's lands, including the lands referred to in said clause 2 of said will; that it was the intent and is now the intent and meaning of said instrument so made by said testator, that said trustees, or the survivor or survivors of them, should take title to all of said lands in fee simple in trust for the purpose of carrying out and

executing the full scope and extent of said trust thereby created, and of making sale of or mortgaging the lands, or any part thereof, if in the judgment of said trustees, or the survivor or survivors of them, such act or acts might be necessary or advantageous to the proper management, administration and disposition of said estate and for the purpose of dividing the unsold portions of said land among the devisees named in said will; that said trustees, Charles C. Cook and John S. Nixon, or the survivor of them, are by the terms of said will required to convey by deed to said Alice C. Robinson one-third of said real estate remaining unsold and undisposed of by said trustees under the terms of said will, and that such deed is necessary to vest in said Alice C. Robinson the fee to her one-third interest of said estate; and that all of said trustees, or the survivor or survivors of them, are required to convey to the children of the testator named in said will an equal share of the lands remaining unsold and undisposed of by said trustees and remaining after the conveyance of one-third thereof to said Alice C. Robinson; that such conveyance by said trustees to said children is necessary to vest title to said lands in said children, respectively, in fee. The bill also prays for general relief.

The defendants answered the bill, replications were filed and the cause was referred to the master in chancery, who heard the evidence and reported the same with his findings. The master found in accordance with the prayer of the bill. Objections were made to the master's report and overruled, and exceptions were filed and overruled, and the court by its decree found that under the will said executors and trustees, and the survivor or survivors of them, as such executors and trustees, took all of the estate of the deceased, real and personal, in fee simple, with the power to fully manage and control and jointly sell and convey, and contract to sell and convey, any and all of the property of which the testator died seized, and to mortgage and renew

mortgages and obtain extensions of mortgages on any of said real estate; that said executors and trustees took title to all the lands of the deceased in fee simple, in trust, for the purpose of managing, mortgaging and renewing mortgages thereon, and selling so much as was necessary and dividing the unsold portions among the devisees named in said will; that the devise to Alice C. Robinson in clause 2 of the will and the devise to the children of the testator in clause 3 thereof were subject to such trust, and that said executors and trustees were authorized and empowered to make the contract with S. C. Nixon to convey to him the land described in the contract made with him.

Appellants have set out various assignments of error, all of which are embraced in the seventh and eighth, which are as follows:

"(7) The court below erred in decreeing that Alice C. Robinson, John S. Nixon and Charles C. Cook, or the survivor or survivors of them, as trustees under the last will and testament of Henry M. Robinson, deceased, took the fee simple title in trust to all of the lands of which said Henry M. Robinson died seized, for the purposes as set forth in said decree.

"(8) The court below erred in not entering a decree that by the terms of the last will and testament of said Henry M. Robinson, deceased, Alice C. Robinson took a fee simple title to an undivided one-third of all the lands of which the said Henry M. Robinson died seized, and that the children of said deceased,—*i. e.,* Eulalia Robinson, Launa Robinson, Edith Robinson, Mary Robinson, Rowena Robinson, Raymond Robinson and Marjorie Robinson,— took the fee simple title to the remaining two-thirds of said real estate as tenants in common, subject only to the debts of said deceased."

The principal questions in controversy, as stated by counsel for appellants, are: (1) Did the complainant Alice C. Robinson, widow of the testator, take an estate

in fee by the terms of said will? (2) Did the seven children of the testator take an estate in fee, with power in the executors and trustees to make division thereof?

As to the first contention, Alice C. Robinson, the widow, has accepted the terms of the will creating the trust and has so stated, as appears from her testimony in the record. She has sought and has contended for the construction given to the will by the circuit court, and by filing the bill, as trustee and individually, she is estopped by the decree of the circuit court. The construction of the will as decreed by the circuit court is final as to her.

As to the second contention, the paramount rule in construing wills is to ascertain from the language of the will the intent of the testator and give effect to such intent if it can be done without violating some rule of law. (*Smith* v. *Dellitt,* 249 Ill. 113; *Armstrong* v. *Barber,* 239 id. 389.) Another fundamental rule in the construction of wills is to consider the whole scope and plan of the testator and to compare the various provisions with one another, construing them, if possible, so that all can stand. (*Leary* v. *Kerber,* 255 Ill. 433; *Young* v. *Harkleroad,* 166 id. 318; *Bennett* v. *Bennett,* 217 id. 434.) The intention is not to be gathered from one clause of the will, alone, but from the whole will and all its parts. (*Leary* v. *Kerber, supra; Mosier* v. *Bowser,* 226 Ill. 46.) All the provisions of the will must be taken into consideration. (*Wimbush* v. *Wimbush,* 253 Ill. 407.) These principles of construction have been so often announced by this and other courts that it is unnecessary to cite additional authorities.

It is the contention of appellants that by the second clause of the will the testator devised to his widow, the complainant Alice C. Robinson, a one-third part of all his lands in fee simple, and that under the third clause of the will the seven children, including the four minors who are appellants here, are to take the title in the remaining two-thirds in equal shares as tenants in common, and that ap-

pellees, as executors and trustees, take no title to any of such lands in trust for any purpose except that of making a division and partition thereof among the persons entitled thereto. We are mindful of the rule that when a testator by his will devises a fee, the fee will not be cut down to a lesser estate by a subsequent provision of the will unless such subsequent provision is clear and unambiguous, and that the courts will so construe a will, if possible, as to give an estate of inheritance to the first donee.

By the second clause of the will the testator in express terms did devise and bequeath to his wife one-third of all his property, both real and personal, she to have and to hold the same in her own right in fee simple, but, as has been shown, the widow has accepted the terms of the decree and is bound by the construction of the will as made by the circuit court, so it is not necessary to consider any apparent contradiction between clause 2 and clause 4. The devise to the children, including appellants, by the terms of clause 3 is not direct to them in the same terms as the devise to the widow in clause 2. By clause 3 the testator directs that the remainder of his property (which would be the property remaining after the payment of debts directed by the first clause of the will and the property devised to the widow by the second clause) "be divided by my executrix and executors hereinafter named, between my children [naming them] on the settlement of my estate." While by this clause the testator very clearly indicates that the remaining two-thirds of his property is to be equally divided among his seven children, it is not such a devise but that the manner and terms on which such division was to be made could afterwards be directed, as was done by the fourth clause of the will. It is true the time of division or distribution could not be left open, to be determined by the executors or trustees, but should be fixed by the will itself, and it is also true that the nature and quantity of their interests or the manner in which the trust is to be

performed should not be vague and uncertain; but we think these matters are reasonably fixed by the terms of clause 4, which provides that the trustees shall manage the property, renew mortgages and sell and convey the lands of the testator, and that the shares, respectively, given to the children should all be fixed and determined at the same date, and be set off to them, in any event, within five years after the testator's death.

It is proper in construing a will to take into consideration the circumstances surrounding the testator and the state and condition of his property and in the light of these circumstances construe the meaning of the language used. (*Hoffner* v. *Custer*, 237 Ill. 64; *Gano* v. *Gano*, 239 id. 539.) The nature and situation of the subject matter, the purpose of the instrument and the motive which may reasonably be supposed to have influenced the testator in the disposition of his property may be considered. (*Coon* v. *McNelly*, 254 Ill. 39; *Wardner* v. *Baptist Memorial Board*, 232 id. 606.) Taking into consideration the circumstances surrounding the testator at the time of his death and the condition of his property, in connection with the language used in the will, it is apparent that at the time the will was drawn the testator had been suddenly stricken with an illness from which he thought he would not recover and from which he died the day after the will was drawn. While he was possessed of a large amount of property he was also heavily in debt. His land holdings were in two States. Part of the land was leased to tenants and part of it was farmed by himself, and all was subject to those constantly varying conditions and changes of weather, markets and business that can be met and overcome only by the exercise of ability of no mean order. His estate was in such condition that it would require proper handling and the exercise of very good business judgment, with prompt action after his death, in order to realize for his family the best results. And when the entire will is read it seems very

clear to us from its language that it was the intent of the testator, beyond all question, not to devise his property directly to his children but to the executors and trustees, as provided in clause 4, for the purposes therein expressed, to pay the interest on his indebtedness, pay off or renew mortgages on his land, lease the land and collect the rents prior to the sale, pay the necessary charges and make repairs, and to sell the same to the best advantage and cancel the indebtedness and make a distribution to the persons entitled thereto within five years after his demise,—all of which was necessary under the circumstances. It would be impossible to carry out the intention of the testator which we think is clearly expressed in the language of the will,—and that is the principal rule of construction to be followed,—unless we hold that the executors and trustees took the fee simple title to the lands of the testator, as such executors and trustees, in trust for the purpose of making conveyances and conveying title to the land and in carrying out the other purposes expressed in the will. Whether a trust was created is a question of interpretation and construction. We think that the intent to create a trust clearly appears from the language of the will, and the character of the trust is sufficiently certain and definite as to the parties and terms to be enforcible. A trustee takes such an estate as the purposes of the trust require, and if a fee is necessary to accomplish the purposes of the trust he takes a fee. (*Lawrence* v. *Lawrence,* 181 Ill. 248; *Harvey* v. *Ballard,* 252 id. 57.) As it was the testator's intention, as expressed in the will, to give the trustees the power he did, it is not for us to make another will, but, on the contrary, to give effect to the will he made.

That portion of the will at the end of clause 4 which directs that the appraisement and distribution to be made by the executors shall be final and not subject to review by any court is, of course, invalid, as the executors are at all times subject to the control of the court by whom they are

appointed, and any of the parties would have the right to apply to the courts in case of an improper or unfair distribution. That part of the will, however, is not touched upon by the decree and was not involved in the suit or in the appeal and may never come before the courts.

We think the circuit court properly construed the will in question, and the decree construing the will is affirmed.

*Decree affirmed.*