(No. 18211.—Reversed and remanded.)
TALITHA H. KELLNER *et al.* Defendants in Error, *vs.*
GEORGE K. SCHMIDT, Plaintiff in Error.

*Opinion filed December 21, 1927—Rehearing denied Feb. 10, 1928.*

1. APPEALS AND ERRORS—*ruling consented to cannot be assigned for error.* A party is not permitted to assign for error that which the court has done at his request or with his consent, and if he takes one of two positions before the court he waives the right to take the opposite position, whether or not prejudice is shown.

2. SAME—*rule precluding party from taking inconsistent positions applies to hearing before master.* The rule that after there has been a decision by an appellate court upon one branch of a case one of the parties who has been successful in the trial court cannot change his position and ask for a judgment inconsistent with the theory upon which he has prosecuted or defended the action, applies to a hearing before a master in chancery, referee or commissioner.

3. SAME—*when estoppel or waiver operates to bar writ of error.* Where the trial court has held, in accordance with the petition of legatees in the probate court, that the will required advancements of only ten shares each of certain corporate stock to be charged against the legacies, whereas the testator had, in fact, made advancements of 100 shares each, and where the executor appeals from the decree and obtains a judgment of the Appellate Court that the legatee who joined in issue on the appeal should be charged with an advancement of 100 shares, the latter is estopped to afterwards prosecute a writ of error from the same decree, and, reversing the position previously taken, claim that the advancement to both legatees was 100 shares.

WRIT OF ERROR to the Second Division of the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. IRA RYNER, Judge, presiding.

MILLER, GORHAM, WALES & NOXON, for plaintiff in error.

WYMAN, HOPKINS, McKEEVER & COLBERT, (AUSTIN L. WYMAN, and GEORGE W. HUNT, of counsel,) for defendants in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Kaspar G. Schmidt, the owner of the K. G. Schmidt Brewing Company, died testate in December, 1898, leaving one son, George K. Schmidt, plaintiff in error in this case, and three married daughters, Barbara E. Kellner, Edna P. Wahl and Katherine Herbert. He appointed his son, a son-in-law and a nephew executors of his will and trustees of his estate. He placed most of his property in trust, to be held for a period of fifteen years after his death, during which time the net income was to be divided among his four children, and he directed the trustees to divide the residue of his estate among his children at the expiration of said period, "one-fourth to each after the irregularities now existing by reason of advancements shall have been adjusted." During the course of his will he directs specifically that his daughters Mrs. Kellner and Mrs. Herbert each be charged with ten shares of the capital stock of the brewing company, and expresses the desire that his children be treated alike in the distribution of his estate. The actual value of the shares at the time of the organization of the company in 1882 was $46.07. In 1891 Kaspar G. Schmidt sold all the stock of the brewing company at an agreed price of $313.60 a share. In the meantime he had given to Mrs. Kellner and Mrs. Herbert each 100 shares. When the fifteen-year trust period expired Mrs. Kellner filed a petition in the probate court of Cook county reciting that a dispute had arisen with respect to the amount of advancements to be charged against the shares of the four children, respectively, and asking that the court hear evidence and fix the several amounts. There was a hearing, and among the items charged against the shares of Mrs. Kellner and Mrs.

Herbert as an advancement were ten shares of stock in the Schmidt Brewing Company at $460.70. There was an appeal to the circuit court, where the matter was heard before a master in chancery in connection with a suit against the trustees for an accounting and other matters in litigation. At the conclusion of the hearing of the consolidated cause the master reported that the daughters' shares should be charged with stock in the brewing company as they had been charged in the probate court. A decree was accordingly entered, and George K. Schmidt, as surviving executor and trustee, appealed to the Appellate Court for the First District. Mrs. Kellner died during the pendency of this litigation and her executors joined issue in the Appellate Court and assigned cross-errors. The Appellate Court found that the Kellners received $31,360 for their shares in the brewing company at the time of the sale of the stock and that Mrs. Kellner's share in the estate should be charged with an advancement in that amount. (*Wahl* v. *Schmidt,* 237 Ill. App. 372.) A petition for writ of *certiorari* was filed to review this judgment of the Appellate Court, and it was denied. Thereupon the Kellners prosecuted a writ of error in the Appellate Court to review that portion of the decree of the circuit court which held Mrs. Herbert's share chargeable with ten shares of brewing company stock at $46.07 a share, making George K. Schmidt, individually and as surviving executor, a defendant in error. Schmidt filed in the Appellate Court two pleas in bar,—one alleging there had been a former adjudication because the identical questions sought to be raised by the assignment of errors on the second review in the Appellate Court had been raised by cross-error assigned by the executors of Mrs. Kellner, deceased, on the first review and then abandoned, and the other alleging that the Kellners were estopped to contend that Mrs. Herbert's share of the estate should be charged with more than $460.70 for brewing company stock, because throughout the litigation prior to the first decision

of the Appellate Court they had contended that her estate should not be charged with a larger amount. The Appellate Court overruled both pleas,—the plea of former adjudication on the ground that the amount to be charged against the share of Mrs. Herbert was not and could not have been determined on the appeal by Schmidt as executor, and the plea of estoppel or waiver on the ground that Mrs. Herbert was represented by separate counsel and that the part of the decree fixing the amount to be charged against her was entered on motion of her solicitors, and further, that the plea does not purport to show that plaintiff in error was prejudiced by anything said or done by the executors of Mrs. Kellner with reference to the share of Mrs. Herbert. After overruling the pleas the court held that there was a confession of error and reversed the decree and remanded the cause to the circuit court "as to the items of the executor's account specified in the assignment of errors." This was a final determination of the point at issue in the Appellate Court. (*International Bank* v. *Jenkins,* 104 Ill. 143; *Trustees of Schools* v. *Potter,* 108 id. 433.) The cause is here on *certiorari.*

The share of Mrs. Kellner and the share of Mrs. Herbert stand in exactly the same position with respect to the amount to be charged as an advancement on account of the brewing company stock. On the hearing before the master in chancery they filed a joint brief, in which they stated their position with reference to the amount that should be charged on account of this stock and concluded with the statement, "said Barbara E. Kellner and Kate E. Herbert should be charged only with the sum of $460.70 each as the value of ten shares of the capital stock of said corporation." Two hundred and twenty-four objections were filed by Mrs. Kellner to the master's report, and none of them challenge the amount charged against Mrs. Herbert on account of the brewing company stock. It appears, therefore, that the decree of the circuit court as to this item

was entered at the request of and with the consent of defendants in error. There is no principle of law more familiar than that a party shall not be permitted to assign for error that which the court has done at his request or with his consent. *Consensus tollit errorem.* (*Nixon* v. *Nixon,* 268 Ill. 524; *People* v. *Zimmer,* 238 id. 607; *McKinnie* v. *Lane,* 230 id. 544; *Sheridan* v. *City of Chicago,* 175 id. 421; *Cheney* v. *Ricks,* 168 id. 533; *Smith* v. *Kimball,* 128 id. 583.) After there has been a ruling of an appellate court upon one branch of a case, one of the parties who has been successful in the trial court cannot change his position and ask for a judgment inconsistent with the theory upon which he has prosecuted or defended the action. (*Stevenson* v. *Stevenson,* 297 Ill. 338; *Leigh* v. *National Hollow Brake-Beam Co.* 224 id. 76.) The same rule applies in the case of a hearing before a referee, master or commissioner. (*McGregor* v. *Ware Construction Co.* 188 Mo. 611, 87 S. W. 981; *Geneva and Western Railway Co.* v. *New York Central and Hudson River Railroad Co.* 163 N. Y. 228, 57 N. E. 498.) This rule requiring consistency of action before the courts is not an arbitrary rule but one demanded by the very object of courts of justice. The second plea in this case has been designated as one of estoppel, and courts often refer to the rule against taking an inconsistent position as an estoppel. It might more accurately be termed a waiver, since by electing to take one of two positions which might have been taken the party waives the right to take the other position. Whatever it is called, the rule does not require prejudice to be shown. It is a rule of practice necessary in the administration of justice and is universally enforced by the courts. The facts pleaded in the second plea, and the evidence produced in support of them, are sufficient to bar the action, and the plea should have been sustained. This being true, defendants in error are estopped to prosecute a writ of error to review the decree of the circuit court, and there is nothing

further to be done by the Appellate Court except dismiss the writ of error.

The judgment is reversed and the cause is remanded to the Appellate Court, with directions to sustain the second plea of George K. Schmidt and dismiss the writ of error.

*Reversed and remanded, with directions.*