ANNA LEARY, Plaintiff in Error, *vs.* JOHN KERBER *et al.* Defendants in Error.

*Opinion filed October 26, 1912.*

1. WILLS—*various provisions should be so construed, if possible, that all may stand.* In construing a will the court should consider the whole scope and plans of the testator and compare its provisions, construing them, if possible, so that all may stand.

2. SAME—*the sentences of paragraph should be construed together.* The sentences of a paragraph of a will should be construed together and not as entirely independent of each other.

3. SAME—*active trust is not executed by the Statute of Uses.* Where the trustee has active duties to perform the trust is not a passive one and is not executed by the Statute of Uses.

4. SAME—*when a will makes but one bequest in trust.* A will bequeathing the residue of the testator's estate to his children in equal shares, except as to a named married daughter, "and as to her share it is my will that her said equal share shall be paid over and placed in control of my son Mathias Kerber, as her trustee, for her, and I hereby give and bequeath to my said son Mathias Kerber, as trustee for the said Anna Leary, one equal undivided share of my estate, * * * to be by him held for her as her trustee, and collect rents and profits thereof and to pay the same over to her during her natural life, free from any act or control of her said husband," etc., bequeaths but one share to the daughter and creates a spendthrift trust as to that.

WRIT OF ERROR to the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding.

S. P. ROBINSON, for plaintiff in error.

WALKER R. FLINT, and WELTY, STERLING & WHITMORE, for defendants in error.

255 — 28

Mr. JUSTICE CARTER delivered the opinion of the court:

This is a writ of error to the circuit court of McLean county to review the decree of that court in a partition proceeding involving the construction of the will of William J. Kerber, who died in 1906 leaving an estate of about $80,000, including real estate in said county. His widow died September 11, 1911, and thereafter this bill was filed. Plaintiff in error, Anna Leary, filed an answer and a cross-bill. The court dismissed the cross-bill and entered a decree finding that ten of Kerber's children each owned an undivided one-twelfth interest of the land in question; that the widow and children of a deceased son, between them, owned another one-twelfth interest, and that the remaining one-twelfth was owned by Mathias Kerber, as trustee for Anna Leary. The sole contention here is as to the proper construction that should be given to the third clause of said will of William J. Kerber, deceased. This clause reads:

"*Third*—After the death of my said wife I give and bequeath the rest, residue and remainder of all of my estate, both personal and real, to my children who may be then living, in equal shares, except as to my daughter Anna Leary, now married to William Leary, and as to her share it is my will that her said equal share shall be paid over and placed in control of my son Mathias Kerber, as her trustee, for her. And I hereby give and bequeath to my said son Mathias Kerber, as trustee for said Anna Leary, one equal undivided share of my estate, both real and personal, after the death of my said wife, to be by him held for her as her trustee, and collect rents and profits thereof and to pay the same over to her during her natural life, free from any act or control of her said husband, William Leary; and at the death of my said daughter Anna, then the said share shall be paid over to her children, and if she should die without leaving any heirs of her body, then the said share so left in trust shall be turned over to the heirs of my body then living, to be distributed according to the statutes of the State of Illinois."

Plaintiff in error contends that two separate bequests are made to Anna Leary by said clause,—one in the first sentence and the other in the second sentence; that by the first sentence the testator devised a contingent remainder to plaintiff in error, creating thereby a dry or passive trust, which would be executed at once under the Statute of Uses, and that the devise under the second sentence is void because of the uncertainty as to the quantity of the estate devised. It is therefore contended that plaintiff in error should receive at once her share under the first sentence of said clause.

The paramount rule in construing wills is to give effect to the intention of a testator as expressed in the will, if that can be done without contravening established rules of law. (*Smith* v. *Dellitt,* 249 Ill. 113; *Armstrong* v. *Barber,* 239 id. 389.) Another fundamental rule in the construction of wills is to consider the whole scope and plans of the testator and to compare the various provisions with one another, construing them, if possible, so that all can stand. (*Young* v. *Harkleroad,* 166 Ill. 318; *Bennett* v. *Bennett,* 217 id. 434.) The intention is not to be gathered from one clause of the will alone, but from the whole will and all its parts. (*Mosier* v. *Bowser,* 226 Ill. 46.) Where a will is susceptible of two constructions, one of which will render it valid and the other void, the courts will, if they can without doing violence to the intention of the testator, adopt the construction that will render it valid. (*Heisen* v. *Ellis,* 247 Ill. 418.) The two sentences of said clause 3 would naturally be construed together. To construe them entirely independent of each other, as contended for by counsel for plaintiff in error, would be unreasonable and contrary to all settled rules of law as to construing wills. The testator plainly intended to establish a spendthrift trust in favor of plaintiff in error, protecting her interest therein as against her husband. (*Wagner* v. *Wagner,* 244 Ill. 101.) Active duties were prescribed for the

trustee, thereby creating an active trust. (*Hale* v. *Hale*, 146 Ill. 227.) The Statute of Uses would therefore not apply. *Hart* v. *Seymour*, 147 Ill. 598; *Kirkland* v. *Cox*, 94 id. 400.

The circuit court construed the will correctly, and its decree will therefore be affirmed.          *Decree affirmed.*