(No. 11934.—Decree affirmed.)

ANNA BARTON, Defendant in Error, *vs.* HARROLD BARTON *et al.* Plaintiffs in Error.

*Opinion filed April 17, 1918.*

1. WILLS—*when devisee of life estate has power to convey fee.* Where a will devises a life estate with general language indicating a power of disposal, although the life tenant could dispose of the estate devised without express power, the power is regarded as only pertaining to the estate devised and is interpreted as meaning such disposal as a life tenant could make, but where the will indicates an intention to confer power to convey the fee, effect will be given to such intention without enlarging the life estate to a fee.

2. SAME—*when life tenant has power to convey fee.* Where a testator devises a life estate in all of his property to his daughter-in-law for her natural life or as long as she remains the lawful wife of the testator's son, with remainder to the son's children, a subsequent codicil giving her power to sell and dispose of the property by deed conveying absolute title, "without claim of title by any person referred to in my said will," gives her power to sell the fee but does not enlarge her life estate.

3. SAME—*when life tenant, with power to convey fee, occupies trust relation to remainder-men.* A devisee of a life estate having power to convey the fee and having an estate in possession under the devise is, in the absence of a contrary intention in the will, entitled to the possession of the proceeds of the sale and to the income from such proceeds during the continuance of the life estate, but as to the principal the devisee occupies a trust relation to the remainder-men.

4. SAME—*when court will retain jurisdiction for protection of infant defendants.* Where a devisee of a life estate asks for a construction of the will and is decreed to have power to convey the fee without enlarging her estate, the existence of her trust relation to the remainder-men as to the principal of the proceeds from the sale authorizes the court to preserve the remainder and to retain jurisdiction to protect the infant defendants.

WRIT OF ERROR to the City Court of Charleston; the Hon. CHARLES A. QUACKENBUSH, Judge, presiding.

JOHN T. KINCAID, for plaintiffs in error.

ALBERT C. & BEN F. ANDERSON, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The defendant in error, Anna Barton, filed her bill in the city court of Charleston against her husband, John J. Barton, and his infant children, praying for a construction of the will of Patrick Barton and a determination whether she had power to sell and convey, in fee simple, lands in which the testator devised to her an estate for life, which should determine if she should cease to be the wife of John J. Barton. A guardian *ad litem* was appointed for the infant defendants and he filed an answer for them. John J. Barton, who was executor of the will, was defaulted, and upon a hearing the court construed the will to give to the complainant power to sell and convey the real estate in fee simple. The record has been brought to this court by writ of error sued out by the infants by their guardian *ad litem.*

The will and a codicil thereto were both made on November 24, 1911, and are as follows:

"I, Patrick Barton, being of sound and disposing mind, do hereby declare this to be my last will and testament, hereby revoking all other wills by me heretofore made.

"*First*—My will is that all my just debts shall first be paid.

"*Second*—I give and devise and bequeath all of my estate and property, of every kind whatsoever, to Anna Barton, wife of John J. Barton, my son, for her natural life, and at her death to the children of John J. Barton, forever. The life estate herein given to Anna Barton shall cease when or if she shall cease to be the lawful wife of my said son, John J. Barton.

"*Third*—I appoint my son, John J. Barton, as the executor of this will without bond.

"Dated at Charleston, Ill., this 24th day of November, A. D. 1911.
PATRICK BARTON. (Seal.)"

"I, Patrick Barton, hereby make this codicil to my within will. I desire to give to Mrs. Anna Barton, wife of my son, John J. Barton, power to sell and dispose of my property heretofore given to her in my will whenever she believes it may be to advantage to sell any of the same, and for the purpose of such power she shall be authorized to execute and deliver deeds of conveyance of full and absolute title to the same without claim of title by any person referred to in my said will.

"Dated at Charleston, Ill., this 24th day of November, A. D. 1911.
PATRICK BARTON. (Seal.)"

It is the rule that where a will devises a life estate with general language indicating a power of disposal, although the life tenant could dispose of the estate devised without express power, the power is regarded as only pertaining to the estate devised and is interpreted as meaning such disposal as a tenant for life could make. (*Boyd* v. *Strahan,* 36 Ill. 355; *Mulberry* v. *Mulberry,* 50 id. 67; *Henderson* v. *Blackburn,* 104 id. 227; *Kaufman* v. *Breckinridge,* 117 id. 305; *Metzen* v. *Schopp,* 202 id. 275; *Mansfield* v. *Mansfield,* 203 id. 92.) If, however, the will indicates an intention to confer power to convey the fee, effect will be given to such intention, but the existence of the power will not enlarge the devise of a life estate into a fee. (*Walker* v. *Pritchard,* 121 Ill. 221; *In re Estate of Cashman,* 134 id. 88; *Kirkpatrick* v. *Kirkpatrick,* 197 id. 144; *Skinner* v.

*McDowell,* 169 id. 365; *Powers* v. *Wells,* 244 id. 558; *Burke* v. *Burke,* 259 id. 262.) The will and codicil are to be considered together to ascertain the intention of the testator, and they were made at practically the same time, with no intervening period from which any change of condition or intention might be inferred. By the will the testator devised all his estate and property of every kind, to the complainant, Anna Barton, wife of his son, John J. Barton, for her natural life and at her death to the children of John J. Barton forever, with a provision that the life estate should cease when or if Anna Barton should cease to be the lawful wife of John J. Barton. The codicil was made in view of the fact that she might believe it to be to advantage to sell the real estate, and in that event she was given power to sell and dispose of the property given to her and to execute and deliver deeds of conveyance of full and absolute title, without claim of title by any person referred to in the will. This was an absolute power of disposal of the fee, and the construction given to the will by the court was correct.

The power to sell and convey the fee did not enlarge the estate of Anna Barton beyond that before devised to her, but only gave her power to change the form of the property when she should believe it to be to advantage to do so. The codicil did not revoke the devise of the remainder to the children of John J. Barton, and at her death his children, in case of a sale, will be entitled to the remainder in the property in its altered form. She has an estate in possession under the devise to her, and as the codicil contains no indication of a contrary intention respecting the proceeds of a sale or sales she would be entitled to the possession of such proceeds, with a right to the enjoyment of the income during the continuance of her estate, but as to the principal she would occupy a trust relation to those entitled to the remainder. Such a relation would give to a court of equity jurisdiction to protect and preserve the remainder accord-

ing to the intention of the testator, and inasmuch as she called upon the court to construe the will and declare her right to make sales and conveyances, the court may retain jurisdiction for the protection of the interests of the infants, who were made defendants. The court will therefore retain jurisdiction for the purpose of making such provision as will secure to the infant defendants the principal of the proceeds of any real estate that may be sold, and if Anna Barton should exercise the power given to her by making a sale or sales she will report the same to the city court, and the court may make such provision as will secure the rights of the infant defendants.

The decree is affirmed.

*Decree affirmed.*

---

(No. 11914.—Reversed and remanded.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRANK DEMPSEY, Plaintiff in Error.

*Opinion filed April 17, 1918.*