(No. 13971.—Decree affirmed.)
W. A. BOYLE *et al.* Appellants, *vs.* GEORGE H. MOORE *et al.*
Appellees.

*Opinion filed October 22, 1921—Rehearing denied Dec. 8, 1921.*

1. WILLS—*every will must be construed according to its own language.* In the construction of every will its meaning and intent must depend on its language, with such aid as may be afforded by the circumstances surrounding the testator at the time of making his will.

2. SAME—*devise of life estate may give power to convey the fee.* If it clearly appears from the language of the will and the circumstances surrounding the testator when the will was made that he intended to confer on a life tenant power to convey the fee that intention must be given effect.

3. SAME—*when will gives life tenant power to convey fee.* A will which gives to the testator's wife a life estate in property which produces but little income, and provides that it shall "be her absolute property during her natural life, and what shall be left of said property at her death" shall go to the children of the testator's half-brother, gives to the life tenant the power to convey the fee.

APPEAL from the Circuit Court of Pike county; the Hon. HARRY HIGBEE, Judge, presiding.

GEORGE C. WEAVER, and LEE CAPPS, for appellants.

WILLIAMS & WILLIAMS, and MUMFORD & MUMFORD, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

Norris B. Williams died testate in 1896, leaving a widow, Seeney Williams, surviving. He left no child or descendants of a child. His nearest of kin surviving him were a half-brother, John A. Boils, and a half-sister, Catherine Belinda Boils. Catherine died several years ago, leaving no husband or child or descendants of a child. The half-brother, John, died about fifteen years before the litigation began, leaving three children surviving. At the time of his death Williams was the owner of some per-

sonal property, as we understand it worth $3000 or $4000, and ten lots or parcels of real estate in the village of Pleasant Hill, in Pike county. Some of the lots were improved and some of them were not. They were valued in the inventory filed by the executrix at $5175. After her husband's death the widow, claiming she was authorized by the will to sell the land, sold all of it except four lots. She died in March, 1920, and thereupon the surviving children of the testator's half-brother, John A. Boils, claiming to be the owners in fee, as tenants in common, of all the land the testator died seized of, and that since the widow's death they were entitled to the possession and enjoyment thereof, filed their bill asking that the court so declare and decree partition of said land. All purchasers and grantees of purchasers of lots from the widow, and mortgagees of such purchasers, were made defendants. They denied complainants had any interest in the land sold by the widow, and claimed her deeds were made under power given her by the will and conveyed good title to the grantees. After a hearing the chancellor entered a decree construing the will of Williams to give the widow a life estate in the land with power and authority during her life to sell and convey the fee in any or all of the land, and that if at her death any land remained unsold, it was the property of the complainants as tenants in common. The court confirmed the title of those claiming through conveyances made by the widow, decreed partition of the four lots remaining unsold, and complainants have appealed.

If the chancellor correctly construed the will the decree is right. The paragraph of the will to be construed is as follows:

"*Second*—I will and bequeath my beloved wife, Seeney Williams, all my property, both real and personal, of whatsoever nature and kind, to be her absolute property during her natural life, and that what shall be left of said property at her death shall be equally divided, kind and kind,

between the children of my half-brothers and sisters, John A. Boils and Catherine Belinda Boils, as their absolute property forever. And I hereby appoint my beloved wife, Seeney Williams, sole executor, and without bond, of this my last will and testament."

Appellants contend the widow took only a life estate in the land and no power was conferred on her to. sell the fee or any other interest than her life estate, and contend the well established rule applies that when a power of disposal accompanies a devise of a life estate the power is only co-extensive with the estate which the devisee is given and means only such disposal as a tenant for life could make, unless there are other words clearly indicating a larger power was intended; that any general expressions apparently giving a life tenant unlimited power over the estate, but which do not in express terms do so, must be regarded as referring to the life estate, only, and therefore as limited to such interest.

In the construction of every will its meaning and intent must depend on the language of the particular will, with such aid as may be afforded by the circumstances surrounding the testator at the time of making his will. The differences in the language of various wills construed and of the circumstances surrounding the testators render decisions in will construction cases less helpful as guides than is the case upon other subjects. (*Wallace* v. *Noland,* 246 Ill. 535; *Black* v. *Jones,* 264 id. 548; *Ward* v. *Caverly,* 276 id. 416.) There are certain general rules applicable to all cases of will construction, among them the paramount rule that the intention of the testator is to be ascertained and effect given to it if not contrary to law. Other general rules are, the intention to be ascertained is that expressed in the will; that in determining the intention of the testator all parts of. the will should be considered together, and, if possible, effect be given to every clause and provision; and as an aid in arriving at the true

intention of the testator resort may be had to the situation and surroundings of the testator and the nature and situation of the property. These rules have been announced so often and are so well understood as to not require citation of authorities.

Does the will of N. B. Williams confer on the life tenant power to sell the fee? If that was his intention no rule of law will be violated in giving it effect. (*Burke* v. *Burke*, 259 Ill. 262.) Circumstances proper for consideration are, that the testator was sixty-four years old when he made the will. At the time of its execution he was ill and died about two weeks thereafter. The will was written by his attending physician. The testator never had any child. His wife was not in good health and was unable to carry on any kind of business. She owned no property. The land owned by testator was all in the village of Pleasant Hill and consisted of ten lots, some of which were unimproved and produced no income. The lots were inventoried as of the total value of $5175. Only one of them was occupied as business property, and it rented for $100 or $150 per year. From all this it is apparent the land was capable of producing only a small income.

The question whether a power of disposal accompanying a devise of a life estate conferred on the life tenant power to convey the fee has many times been presented to this court, and it has uniformly been held that to justify the exercise of power to convey anything more than the estate of the life tenant the words of the will must clearly indicate the testator intended to confer a larger power. If it appears from the language of the will in this case and the circumstances surrounding the testator when it was made that he intended to confer on the life tenant power to convey the fee, that intention must be given effect. We shall not undertake to cite and comment on the numerous cases in which the devise to a person of a life estate was claimed to have also conferred on the life tenant power

to sell and convey the fee.   Some of the cases where that question was considered are: *Barton* v. *Barton,* 283 Ill. 338; *Mansfield* v. *Mansfield,* 203 id. 92; *Siegwald* v. *Siegwald,* 37 id. 430; *Metzen* v. *Schopp,* 202 id. 275; *Welsch* v. *Belleville Savings Bank,* 94 id. 191; *Wardner* v. *Baptist Memorial Board,* 232 id. 606.   In all the cases it was sought to ascertain and give effect to the testator's intention as disclosed by the language of the particular will and the circumstances surrounding the testator at the time of its execution.   We agree with the chancellor that Williams devised his wife a life estate in all his land and conferred on her power to sell the fee.   The land was devised to her, "to be her absolute property during her natural life, and what shall be left of said property at her death" was to be divided among the children of testator's half-brother and sister.   It might well be that a devise of a life estate to be the life tenant's "absolute property," without other words indicating a larger power was conferred, would not give the devisee any authority to convey any other interest than his life estate; or if, after devising a life estate in land, the will disposed of what then remained or what was left at the termination of the life estate, that, alone, would not necessarily confer power on the life tenant to sell the fee. But, as we have seen, some meaning should be given to all the language and words of the will.   Giving the wife a life estate, "to be her absolute property," and further providing that "what shall be left of said property at her death" should go to others, cannot be reasonably construed any other way than to clearly indicate the testator intended to give her the power to sell the fee.   In fact, the only property devised the children of the testator's half-brother and sister is what land is left at the life tenant's death.   All he died seized of would have been left when the life tenant died if no power had been conferred on her to sell the fee.   This the testator knew, and the language of the will must either be construed to confer that power or the words re-

ferred to must be disregarded as not having been intended to mean anything. This would ignore one of the settled rules of will construction. We have no doubt from a consideration of the will that the widow was given power to sell the fee and that the circuit court properly construed the will.

Complaint is made of some errors in the admission in evidence of some statements of the testator at the time he made the will of what he intended. Conceding it was incompetent, it could not affect a correct construction of the will and worked no prejudice to appellants.

The decree is affirmed.                *Decree affirmed.*