Sadie Linn, Administratrix of the Estate of Henry James Davis, Deceased, Appellee, v. Elizabeth Davis and J. P. Smith, Executors of the Estate of Henry Davis, Deceased, Appellants.

1. WILLS—*what is paramount rule of construction.* The paramount rule in construing wills is to ascertain from the language of the will the interest of the testator and to give effect to such intent if it can be done without violating some rule of law.

2. WILLS—*construction permitting all provisions to stand.* In construing a will, the various provisions are to be compared with one another, construing them, if possible, so that all will stand.

3. WILLS—*from what testator's intention to be gathered.* The intention of a testator is to be gathered from the whole will and all its parts.

4. WILLS—*construction against partial intestacy.* In seeking the intention of a testator, it is presumed that he intended by his will to dispose of all of his property, leaving no part of it as intestate estate, and the court will adopt any reasonable construction of a will rather than hold that testator intended to die intestate as to any of his property.

5. WILLS—*what "effects" covers.* The word "effects" used in a will is broad enough to cover all the personal property of deceased.

6. WILLS—*construction of bequest to widow.* A clause in a will by which testator gave to his widow "all household furniture and personal effects of which I may die seized or possessed for her sole use and benefit," *held* to give to her all of testator's personal property, including money left in the hands of the executor after payment of debts and funeral expenses.

7. WILLS—*when will does not provide for payment of two bequests to single beneficiary.* The provisions of a will construed together and *held* not to provide for payment of two bequests to a certain beneficiary but to provide for payment of the bequest in one clause and, in another clause, to designate a fund from which its payment was to be made.

8. WILLS—*when construction not unnecessary so as to preclude allowance of solicitors' fees.* Where the interpretation of the circuit court of the provisions of a will was different from that of the Appellate Court, it cannot be said that the provisions of the will were so plain that its construction was unnecessary so as to make it error to allow fees to complainant's solicitors.

Appeal from the Circuit Court of Ford county; the Hon. T. M. HARRIS, Judge, presiding. Heard in this court at the October term,

1921. Reversed and remanded with directions. Opinion filed January 4, 1922. *Certiorari* denied by Supreme Court (making opinion final).

F. M. Thompson and Will M. Cannady, for appellants.

Schneider & Schneider, for appellee.

Mr. Justice Heard delivered the opinion of the court.

Henry Davis, a resident of Ford county, died testate, November 4, 1907, leaving him surviving, appellant Elizabeth Davis, his widow, and Eugene Davis, Leroy Davis and Zora Bell Peterson, his children, and Henry J. Davis, his grandson, as his only heirs at law, and in and by his last will and testament he provided:

"First: I direct that all my just debts and funeral expenses be paid by my executors hereinafter named as soon after my decease as reasonably may be, same to be paid from any money which may be on hand at time of my decease, or from any notes or accounts belonging to my estate as soon as same shall be collected or paid.

"Second: I give and bequeath to my wife, Elizabeth Davis all household furniture and personal effects of which I may die seized or possessed for her sole use and benefit.

"Third: I give and bequeath to my wife Elizabeth Davis my residence property located in the Village of Roberts, Illinois, to have and to hold the same to the said, my wife, Elizabeth Davis, her heirs and assigns forever.

"Fourth: I direct that my wife Elizabeth Davis shall receive the sum of Three Dollars per acre for all of my farm lands belonging to my estate, same to be paid to her annually during her lifetime, from which income, I direct that she pay annually, one hundred dollars to my sister Mary Jane Waugh during the lifetime of my said sister, and furthermore direct that my grandson Henry Davis, the son of my deceased son

William Davis, shall receive the sum of One Thousand Dollars, which amount shall be paid to him from the income from my farms when the said Henry Davis shall have reached his majority.

"Fifth: I give and devise to my son Eugene Davis the following described real estate   *   *   *   during his lifetime, and then to revert to his children in equal portions, conditioned that he shall pay an annual rental of three dollars per acre to my wife Elizabeth Davis, during her lifetime, and to pay all taxes and to maintain all repairs and improvements on said premises, to have and to hold the same and the several tracts and parcels thereof, to the said Eugene Davis, his heirs and assigns forever.

"Sixth: I give and devise to my daughter Zora Belle Peterson   *   *   *   during her lifetime, and then to revert to her children in equal portions, conditioned that she shall pay an annual rental of three dollars per acre to my wife Elizabeth Davis, for the said land, and to pay all taxes and to maintain all repairs and improvements necessary on said farm.

"To have and to hold the same and the several tracts and parcels thereof, to the said Zora Belle Peterson, her heirs and assigns forever.

"Seventh: I give and devise to my son, Leroy Davis   *   *   *   during his lifetime and then to revert to his legal heirs in equal portions, conditioned that he shall pay three dollars, annually per acre to my wife, Elizabeth Davis, for the said land for her support, during her lifetime, and also that he shall pay all taxes and maintain all necessary repairs and improvements on the said land.

"To have and to hold the same and the several tracts and parcels thereof to the said Leroy Davis, his heirs and assigns forever.

"Eighth: I give and bequeath to my grandson Henry Davis the son of my deceased son William Davis the sum of one thousand dollars to be paid to him as hereinbefore provided when he shall have reached his majority.

"Ninth: I give and bequeath to my sister Mary Jane Waugh, the sum of one Hundred dollars per year

during her lifetime, the same to be payable as herein before provided.''

The grandson, Henry J. Davis, attained his majority, but died before the estate of Henry Davis was settled. Appellant Elizabeth Davis paid to his administratrix, appellee, $1,050 by check containing these words, ''For Henry Davis bequest in full,'' which check was indorsed and çashed by appellee.

The executor of the will of Henry Davis, deceased, filed his final report in the county court of Ford county showing that he had on hand for distribution $2,537.77.

Appellee filed her bill to construe the will of Henry Davis, contending that the second clause of the will upon being given proper construction did not cover said sum of money, but that said sum descended as intestate property to the heirs of Henry Davis, deceased, and also contending that these two bequests of $1,000 each were made by the will of Henry Davis to Henry James Davis, viz.: One bequest of $1,000 in and by the terms of the fourth clause of said will and a second bequest of $1,000 by the terms of the eighth clause of said will.

Appellants answered the bill denying that said sum of $2,537.77 descended to heirs at law of Henry Davis, deceased, but averring that Henry Davis, deceased, disposed of all his property, both real and personal, by the terms of his said will and that said sum of $2,537.77 passed to Elizabeth Davis under the terms of the second clause of said will, and denying that two bequests of $1,000 each were made to Henry James Davis by the terms of the said will of Henry Davis, deceased, viz.: One bequest of $1,000 by the terms of the fourth clause and a bequest of $1,000 by the terms of the eighth clause. The answer avers that a true and correct construction of the said will of Henry Davis requires that the same be so construed as to read the provisions in the fourth and eighth clauses of said will together, in and by which but one bequest was

made to Henry James Davis, and that bequest was for $1,000, payment of which had already been made to the complainant.

The cause was heard and the court entered a decree finding that the proper construction to be placed on the second clause of the will of Henry Davis was as contended by appellee and that said clause did not cover the money remaining in the hands of the executor of the estate of Henry Davis, deceased, and that said moneys descended under the laws of descent of the State of Illinois to his heirs at law.

The decree further found that the proper construction to be placed on the fourth and eighth clauses of the will of Henry Davis, deceased, is as contended by appellee and that in addition to the $1,000 bequeathed in the fourth clause of said will, which $1,000 had been paid theretofore, appellee is entitled to a further sum of $1,000 with interest thereon at 5 per cent from November 25, 1915.

From the rendition of this decree appellants have appealed to this court.

In *Nixon v. Nixon,* 268 Ill. 524, it is said: "The paramount rule in construing wills is to ascertain from the language of the will the intent of the testator and give effect to such intent if it can be done without violating some rule of law. (*Smith v. Dellitt,* 249 Ill. 113; *Armstrong v. Barber,* 239 Ill. 389.) Another fundamental rule in the construction of wills is to consider the whole scope and plan of the testator and to compare the various provisions with one another, construing them, if possible, so that all can stand. (*Leary v. Kerber,* 255 Ill. 433; *Bennett v. Bennett,* 217 Ill. 434; *Young v. Harkleroad,* 166 Ill. 318.) The intention is not to be gathered from one clause of the will alone but from the whole will and all its parts. (*Mosier v. Bowser,* 226 Ill. 46.) All the provisions of the will must be taken into consideration. (*Wimbush v. Wimbush,* 253 Ill. 407.)

In *Boyle v. Moore,* 299 Ill. 571, it was said: "In the construction of every will its meaning and intent must depend on the language of the particular will, with such aid as may be afforded by the circumstances surrounding the testator at the time of making his will. The differences in the language of various wills construed and of the circumstances surrounding the testators render decisions in will construction cases less helpful as guides than is the case upon other subjects. (*Wallace v. Noland,* 246 Ill. 535; *Black v. Jones,* 264 Ill. 548; *Ward v. Caverly,* 276 Ill. 416.) There are certain general rules applicable to all cases of will construction, among them the paramount rule that the intention of the testator is to be ascertained and effect given to it if not contrary to law. Other general rules are, the intention to be ascertained is that expressed in the will; that in determining the intention of the testator all parts of the will should be considered together, and, if possible, effect be given to every clause and provision."

In *Moeller v. Moeller,* 281 Ill. 397, it is said: "In seeking the intention of the testator it is always presumed that he intended by his will to dispose of all his property and to leave no part of it as intestate estate, and this presumption is so strong that the court will adopt any reasonable construction of the will rather than hold that the testator intended to die intestate as to any of his property."

The word "effects" used in the second clause of the will of Henry Davis, is broad enough to cover all the personal property of the deceased. *Adams v. Ackerlund,* 168 Ill. 632; *Andrews v. Applegate,* 223 Ill. 535.

Applying the above rules of construction to the second clause of the will when taken in connection with the first clause, we find it can reasonably be construed as bequeathing to Elizabeth Davis all the personal estate of deceased, except so much thereof as was necessary for the payment of testator's just debts, funeral

expenses and costs of administration. As this is the only reasonable construction which can be placed thereon which will not result in intestacy as to a part of the testator's estate under the authorities above cited, it is our duty to adopt it. That such was testator's intention is evidenced by the fact that while the will contains money bequests to others, these bequests are not made payable out of the personal estate, but it is specifically provided that such bequests shall be paid by Elizabeth Davis out of the income from the real estate.

It is our duty to consider the will as a whole and ascertain whether it is made after any general scheme or plan, and when this is done we ascertain that in making the bequests contained in the will, with the exception of the general bequest in clause two, he has in one clause made the bequest and in another clause designated a fund from which its payment is to be made, and provided for its payment therefrom.

By the ninth clause a bequest of $100 per year is made to Mary Jane Waugh, and by the fourth clause the fund from which it is to be paid is designated and its payment ordered. By the fourth clause of the will a bequest of $3 per acre is made to Elizabeth Davis and by the fifth, sixth and seventh clauses of the will he designates the fund from which such bequest is to be paid and directs its payment. Following the same general scheme or plan, the testator, by clause eight, bequeaths $1,000 to Henry J. Davis, the grandson, and by the fourth clause designates the fund from which it is to be paid and directs its payment. Every argument advanced in favor of a construction which would give Henry J. Davis two legacies of $1,000 each could be advanced with equal force by Mary Jane Waugh and Elizabeth Davis for a construction which would give Mary Jane Waugh two legacies of $100 each and Elizabeth Davis two legacies of $3 per acre annually.

That it was not the testator's intention that Henry

J. Davis should have two legacies of $1,000 each is further manifested by the eighth clause, which provides that the $1,000 shall be paid to him "as hereinbefore provided," which means that the payment of said $1,000 in said eighth clause mentioned has been hereinbefore provided, from which it is apparent that the $1,000 mentioned in the fourth clause is the same $1,000 mentioned in the eighth clause, and that the testator did not intend to give him two legacies of $1,000 each.

It is contended by appellant that the provisions of the will are so plain that there can be no question of their meaning and that therefore the court erred in allowing Schneider & Schneider, appellee's solicitors, the sum of $200 solicitors' fees. That a construction of the will was not unnecessary is evidenced by the fact that the circuit court placed a construction upon it different from our construction. There was no error in the allowance of solicitors' fees.

The decree of the circuit court is reversed and the cause remanded with directions to the circuit court to enter a decree construing the will in accordance with the views herein expressed.

*Reversed and remanded with directions.*