24659. EARLE *v.* BARRETT *et al.*

DECIDED JULY 13, 1935.

*M. B. Eubanks, Henry Barnett,* for plaintiff in error.
*J. H. Paschall,* contra.

JENKINS, P. J. The sisters and brothers of a deceased testatrix brought a bail-trover action against the husband of the testatrix to recover described articles of household and kitchen furniture and a "silver set" of 54 pieces. The answer of the defendant admitted his refusal to deliver possession and claimed sole ownership of all the property. He further denied that he was or had ever been in possession of the silver set. The original will of the testatrix, under which the plaintiffs claimed, and oral testimony that it had been duly probated, were admitted without objection. The will contained a bequest to the defendant husband "during his lifetime, or until his remarriage," of "my personal effects in our home, consisting of household and kitchen furniture, and at his death or upon his remarriage" directed that "said personal effects shall be equally divided among my brothers and sisters." One of the plaintiff sisters was the executrix of the will. A provision in the will directed payment of debts from the proceeds of two $500 bonds, and payment of any balance thereof to a named legatee. The evidence was undisputed that the testatrix died three years before the trial, that the defendant had recently remarried, and that the property claimed was then in his possession at his home. There was no sort of evidence as to the nature and character of the silverware, or as to its prior use in the home of the testatrix, other than the testimony of the executrix that she had "seen the silver in [the] home" of the testatrix, who told her that "there was 54 pieces." Under the conflicting testimony as to the value of the property, ranging from $100 to $600, the jury returned a verdict for $277, "including silverware valued at $25." The motion for new trial contains only

the general grounds. Counsel for the plaintiff in error contend that there was no evidence of a demand; that the will could have been proved only by a certified copy, including a copy of the probate, from the office of the ordinary; and that the recovery of the silver was illegal because it was not covered by the bequest of "household and kitchen furniture."

1. The defendant in his answer to the bail-trover petition having admitted that he refused to deliver possession, and having set up his own claim as sole owner of the property, it was unnecessary for the plaintiffs to prove a demand. *Moore* v. *Ramsey,* 144 *Ga.* 118 (86 S. E. 219).

2. While "ordinary hearsay testimony is wholly without probative value" (*Spencer* v. *Wright,* 48 *Ga. App.* 126, 172 S. E. 91; *Bull* v. *Carpenter,* 32 *Ga. App.* 637, 639, 124 S. E. 381), yet "a verdict based upon secondary evidence introduced without any objection may be valid, and the same is true where the verdict rests upon sufficient testimony possessing probative value, even though such testimony would not have been competent if a timely and appropriate objection had been made at the trial." *Georgia Coast &c. R. Co.* v. *Herrington,* 14 *Ga. App.* 539 (2) (81 S. E. 814); *Hutchinson* v. *State,* 8 *Ga. App.* 684 (70 S. E. 63). The verdict for the plaintiffs was therefore not unauthorized because it rested in part upon an original will and oral testimony that it had been duly probated, in the absence of any objection to this manner of proving the will and probate.

3. "Unless otherwise directed, the debts of a testator should be paid out of the residuum. If it prove to be insufficient, then general legacies must abate pro rata to make up the deficiency. If they are insufficient, then specific legacies should abate in the same manner. If the executor has assented to the legacies, and the legatees are in possession, after exhausting the assets in the hands of the executor, the creditor may proceed against each legatee for his pro rata share." Code of 1933, § 113-821. "All property, both real and personal, in this State, being assets to pay debts, no devise or legacy passes the title until the assent of the executor is given to such devise or legacy." § 113-801. However, "the assent of the executor may be presumed from his conduct," as well as shown by his expressed words. § 113-802; *Clay* v. *Clay,* 149 *Ga.* 725 (101 S. E. 793); *Citizens Bank of Vidalia* v. *Citizens &c. Bank,*

160 *Ga.* 109 (127 S. E. 219). The title of a legatee being inchoate until the consent of the executor, express or implied, no right of action by a legatee to recover adversely held property by trover or ejectment is shown, unless such assent appears. *Lester* v. *Stephens,* 113 *Ga.* 495 (3) (39 S. E. 109); *Caraker* v. *Brown,* 152 *Ga.* 677, 691 (111 S. E. 51); *Peoples National Bank* v. *Cleveland,* 117 *Ga.* 908 (44 S. E. 20); *Watkins* v. *Gilmore,* 121 *Ga.* 488 (49 S. E. 598). But the assent of an executor to a legacy will be presumed, where a devisee of certain land and the executor are the same person, and the devisee in his individual capacity has disposed of the land. *Citizens Bank of Vidalia* v. *Citizens & Southern Bank,* supra; *Thursby* v. *Myers,* 57 *Ga.* 155 (2); *Vanzant* v. *Bigham,* 76 *Ga.* 759; *Belt* v. *Gay,* 142 *Ga.* 366 (82 S. E. 1071). Such an assent to a life-tenant will inure also to the benefit of the remainderman in fee. *Citizens Bank of Vidalia* v. *Citizens & Southern Bank,* supra. A similar rule would obtain as to the presumed assent by an executrix to a bequest of household and kitchen furniture to a person during his life or until his remarriage, and thereafter to other named persons including the executrix, and such assent would inure to the benefit of the conditional or contingent legatees, where the executrix joined with such other legatees in bringing this trover action against the first legatee holding for life or until remarriage, and claimed title and right of possession of the bequeathed property under the legacy. Such implied consent by the executrix was further indicated where the will provided that the debts should be paid from the proceeds of two $500 bonds, where the trover proceedings were not brought until more than two years after the death of the testatrix, and where there was no testimony that the debts, for the protection of which the assent of executors to legacies is required, were not fully paid.

4. The term "household furniture" covers articles necessary or ornamental to a house in furnishing, equipping, and fitting it for the use of its occupants. Such a term in a will is to be construed according to the manifested intention of the testator in the light of the surrounding circumstances. Although judicial precedents are few and somewhat conflicting, where a silver service or silverware has been in daily use in a household, ministering to the necessity, convenience, or comfort of the occupants, it is ordinarily construed to be "household furniture" the same as chairs, beds, tables,

and like useful or ornamental articles. But where, in the instant case, the silver, which the defendant denied ever having had possession of, was not described other than as a "silver set" of 54 pieces, and there was nothing to show that it constituted a part of the household effects or was ever used in the household of the testatrix, one person having testified only to having "seen the silver in her home" at some undisclosed time and under undisclosed circumstances, such silver will not be taken as included in the mere general designation of the legacy of "household and kitchen furniture." In this trover action to recover described articles of household and kitchen furniture and a "silver set" of 54 pieces, the inclusion of the latter item in the recovery of the plaintiffs was therefore illegal. See Ruffin v. Ruffin, 112 N. C. 102, 107 (16 S. E. 1021, 1022); Scoville v. Mason, 76 Conn. 459 (57 Atl. 114, 115); Crosman v. Baldron, 49 Conn. 490; Patrons Mutual Aid Society v. Hall, 19 Ind. App. 118 (49 N. E. 179, 282); Chase v. Stockett, 72 Md. 235, 240 (19 Atl. 761); Endicott v. Endicott, 41 N. J. Eq. 93, 96 (3 Atl. 157); 2 Bouvier's Law Dic. (Rawle's Rev.) 1462.

5. The verdict in favor of the plaintiffs for "$277 including silverware valued at $25" being authorized except as to the item of silverware, the judgment denying a new trial is affirmed upon condition that the plaintiffs, at or before the time the remittitur is made the judgment of the trial court, shall write off such item from their recovery; otherwise the judgment is reversed.

*Judgment affirmed on condition. Stephens and Sutton, JJ., concur.*