LAWRENCE LANDSTROM, Appellant, *v.* JANE KRETTLER, Appellee.
First District (4th Division)    No. 81-164

Opinion filed April 8, 1982.

Jonathan L. Mills, of Chicago, for appellant.

Much, Shelist, Freed, Denenberg, Ament & Eiger, P. C., of Chicago (Howard M. Cohen and Donald J. Russ, Jr., of counsel), for appellee.

JUSTICE LINN delivered the opinion of the court:

Petitioner Lawrence Landstrom, executor and contingent residuary beneficiary of the estate of Ellen Setterfield, appeals from the trial court's order awarding decedent's silverware to Jane Krettler, a named beneficiary under the decedent's will. The trial court interpreted the bequest to Krettler of "personal effects, jewelry and furniture" to include decedent's silverware, despite the fact that no specific bequest of "silverware" was set forth in any provision of the will. Landstrom contends the trial court erred in its interpretation, and he claims the trial court's ruling is both lacking in precedential support and contrary to the intent of Ellen Setterfield, the testator.

We affirm the trial court's ruling.

FACTS

Ellen Setterfield died testate on June 3, 1980. Her will, dated August 1, 1960, disposed of personal property appraised at $71,376.26. The three pertinent clauses of the will are as follows:

"SECOND: I give and devise the sum of $5000.00 to my sister-in-law Kathryn Mitchell * * *. In case she shall pre-decease me I give said sum to her children living at my death.

THIRD: I give and devise my personal effects, jewelry and furniture to my niece Jane Krettler * * *. In case she shall pre-decease me the above property shall be added to the residue of my estate.

FOURTH: All the rest, remainder and residue of my estate, real, personal and mixed, of which I may die seized or possessed, I give, devise and bequeath to my beloved niece, Audrey V. Landstrom

* * *. In case she shall pre-decease me all of said residue and remainder of my estate shall go to her brother, Lawrence Landstrom, to be his absolutely and forever."

The fifth and final clause of the will appointed Lake Shore National Bank of Chicago as executor, with Lawrence Landstrom as successor executor.

Both Kathryn Mitchell, legatee under the first paragraph, and Audrey V. Landstrom, residuary legatee under the fourth paragraph, predeceased Ellen Setterfield. Both bequests then passed to the respective contingent beneficiaries. When Lake Shore National Bank declined to serve as executor, Lawrence Landstrom became executor of the estate.

OPINION

Appellant Landstrom contends the trial court erred when it interpreted the term "personal effects, jewelry and furniture" to include the decedent's valuable silverware, which was not specifically mentioned in the will. The court thus distributed the silverware to Krettler, the wrong beneficiary. Landstrom argues that since silverware is not either jewelry or furniture, it must be a "personal effect" in order to pass to Krettler under the third paragraph of the will. He then urges this court to adopt an interpretation of the term "personal effects" that would limit its meaning to items normally worn or carried about the person or having an intimate relation to the person, thereby excluding "silverware." Accordingly, Landstrom claims the silverware should have been distributed to him as part of the residuary estate. We disagree.

■■ Initially we note that although "personal effects" usually does refer to items worn on, carried by, or otherwise having an intimate relation to the person (*In re Lathrop's Estate* (1956), 100 N.H. 393, 395, 128 A.2d 199, 201), the term is not restricted to such a meaning. Illinois courts have found the term "personal effects," when examined in light of the context of a particular case, to refer to far more types of property than Landstrom's definition would allow. Thus, in *Mokros v. Blackman* (1941), 312 Ill. App. 346, 350, 38 N.E.2d 514, 516, the court held that the phrase "goods, chattels, papers, books and personal effects" limited the term "personal effects" to all tangible personal property; only the intangible personal property passed under the residuary clause. In *Linn v. Davis* (1922), 223 Ill. App. 503, the term was interpreted to include all the personal property of the deceased.

■■ Additionally, Landstrom appears to overlook two important tenets of will construction: (1) the "paramount rule that the intention of the testator is to be ascertained and effect given to it if not contrary to law" (*Boyle v. Moore* (1921), 299 Ill. 571, 573, 132 N.E. 761, 762); and (2) the "fundamental rule * * * to consider the whole scope and plans of the testator

and to compare the various provisions with one another." (*Leary v. Kerber* (1912), 255 Ill. 433, 435, 99 N.E. 662, 663.) We believe that instead of finding the testator's intent by examining the entire will as one document, Landstrom would have us view the three terms, "personal effects, jewelry and furniture," describing the bequest to Jane Krettler as isolated and mutually exclusive. Landstrom's position is that a given item not clearly categorizable as furniture *or* jewelry *or* a personal effect may not pass to Krettler under the third clause of the will. Silverware, he contends, is obviously not jewelry or furniture; if it is to pass under the third clause at all, it must be a personal effect. Since, as Landstrom contends, his narrow definition of "personal effects" cannot include silverware, the silverware must pass under the residuary clause.

■■ Although the term "personal effects" has no fixed or technical meaning, it usually refers to things associated with the person unless it gains broader meaning when construed in view of the provisions of the entire will. (*In re Neefus' Will* (Sur. Ct. 1952), 110 N.Y.S.2d 584, 585.) The trial court found that the language of the third clause, instead of designating three narrow, mutually exclusive categories of personal property, described a general class consisting of all the precious or valuable tangible personal property Ellen Setterfield possessed at her death. The second clause contained her only other specific bequest, $5000 to her sister-in-law Kathryn Mitchell, with Kathryn's children as contingent beneficiaries in case their mother predeceased the testator. All the remaining personal property, which passed under the residuary clause, consisted solely of intangible personal property, namely cash held in a savings account. The terminology used by the testator to dispose of her residual estate is standard boilerplate found in thousands of wills. We believe the trial court correctly found that such general language could not be used to justify passing one tangible asset in contravention of the overall plan of distribution, a neat division into tangible and intangible personal property.

■■ In addition to considering the arguments and authorities presented by the respective parties, the trial court's independent research disclosed other probate decisions concerning disposition of silverware not specifically mentioned and bequeathed in a will. Thus, in *Earle v. Barrett* (1935), 51 Ga. App. 514, 180 S.E. 855, the court determined that a silver set should be included in the phrase "my personal effects in my home consisting of household and kitchen furniture" (51 Ga. App. 514, 515, 180 S.E. 855, 856):

> "Although judicial precedents are few and somewhat conflicting, where a silver service or silverware has been in daily use in a household, ministering to the necessity, convenience, or comfort of the occupants, it is ordinarily construed to be 'household furniture' the same as chairs, beds, tables, and like useful or ornamental articles." 51 Ga. App. 514, 516-17, 180 S.E. 855, 857.

Landstrom's final argument attaches significance to the words "beloved niece" used to describe Audrey Landstrom, the primary residuary beneficiary. Landstrom concludes that the testator's use of the word "beloved" shows an obvious intent to favor Audrey by implicitly bequeathing her the silverware. However, the use of a single adjective of affection is hardly sufficient evidence to upset an otherwise logical scheme of distribution under the will. Additionally, the "beloved" niece predeceased the testator, thus rendering the argument moot. Not only did the testator refrain from using the same word of affection when speaking of Lawrence Landstrom, she also refrained from calling him her nephew, referring to him only as "her [Audrey Landstrom's] brother."

Landstrom cites *In re Kilmer's Estate* (Sur. Ct. 1946), 65 N.Y.S.2d 769, 775, as authority for the proposition that in a conflict between two possible constructions of language in a will, the one favoring a blood relative, dependent, or other close associate should be adopted. In this case, no such conflict exists because the construction urged by Landstrom is unsupported by any other evidence in the will.

For all the reasons discussed above, we affirm the ruling of the trial court.

Affirmed.

JOHNSON, P. J., and ROMITI, J., concur.