WUESTHOFF *vs.* SEYMOUR and WHEELOCK.

1. A conveyance of lands described by courses, with the addition of the words, " being the same premises conveyed to K, the grantor, by N, by deed dated," &c., will convey the whole premises in that deed, although the description leaves out a small strip, such being the evident intention of the parties.

2. A representation that a public alley over part of the premises, is only a private right of way in a few persons, when made by mistake, and when the rights in the property are substantially the same in either case, is not such a misrepresentation as will bar specific performance.

---

Argued upon bill and answer.

*Mr. Keasbey,* for complainant.

*Mr. T. Runyon,* for defendants.

THE CHANCELLOR.

The hearing being upon bill and answer only, without replication or proofs, the facts must be taken as stated in

the answer. The bill is to compel specific performance by the defendants of a contract to purchase lands in Newark. The answer admits the contract, and claims that the defendants are not bound to perform it, because the complainant has no title to part of the alley, parcel of the premises to be conveyed, and because the complainant, at the sale, misrepresented the premises in a material matter, which is, that he said the alley was only subject to the right of way of W. K. and two or three other persons, who were not named, and that the defendants would have the right to have and maintain under the alley, the steam boiler which was then there, and would have the right to build over the alley, when, in fact, the said alley was a public highway, and the defendants would have no right to keep their boiler under it, or to build over it.

The property in question is a brick house and lot on the west side of Lawrence street, in Newark, one hundred feet south of Market street, together with an alley ten feet wide, along the south side of the lot, which is twenty-five feet wide, and sixty feet deep. This lot, with the adjoining part of the alley, six feet wide, on Lawrence street, and two feet wide in the rear, was conveyed to the complainant by Emma Littell, and there is no dispute about the title to the fee in that part of the alley. The residue of the alley, being the south side, was conveyed by U. H. Nutman, whose title is admitted, to Kirk and Kirkpatrick, partners, by deed recorded in Book K 10, of Deeds, for Essex county, page 380, in a deed for the lot adjoining the alley on the south.

When Littell owned the lot north of the alley, and Kirk and Kirkpatrick the south lot, and J. and S. Ives the lot in the rear, they all agreed that this alley of ten feet wide should be opened and dedicated for public use, as a public highway, and it was accordingly actually opened and used as a public highway for more than ten years. Upon Kirkpatrick's death, in the division of the partnership property, the Nutman lot was set off to his heirs and representatives, and Kirk conveyed his moiety of it to them, by deed dated

January 1st, 1862. This deed, in describing the property, gives as the north boundary, a line drawn parallel to and exactly ten feet south of the south side of the brick building on the Littell lot, thus in the boundary excluding the lane; but there is added to this description by metes and bounds, " being the same premises conveyed to said Kirk and Kirkpatrick, by U. H. Nutman, by deed recorded in Book K 10, page 380," &c. The metes and bounds called for do not include this south part of the lane, but the deed to which reference is had does include it. The two descriptions of this property thus given in this deed, do not agree. And the question is, which of the two must be taken. Each description is certain, definite, and complete, if it stood alone. There is a latent ambiguity, which does not appear on the face of the deed, but by extrinsic facts which show that these two descriptions differ. This ambiguity, like other latent ambiguities, can be solved by ascertaining the intention of the parties from the situation of the property. The part in dispute is, in the first place, a gore of land situate in a public highway, and so small as of itself to be of no use or value if not in a highway. It was a part of the partnership property, then being divided, and if not in this deed, remained undivided, and the only share retained by Kirk would be an undivided half part of this gore, or half of the lane. The plain inference from these facts would be that this deed was intended to convey or release all the interest of Kirk in the premises conveyed by Nutman, to the heirs and widow of Kirkpatrick. This view is made stronger by the fact that the part in dispute, except a very small gore, is south of the middle of the lane, and by the rule now established, that where lands bounding on a highway are conveyed by a deed which does not, by its terms, exclude the street, it shall be held to convey to the middle of the street, on the theory that the grantor is not to be presumed to retain title to the part in the street, unless he has expressed such intention. This rule would, by the theory on which it

is adopted, extend to the line in the street to which the title of the grantor extends, even if beyond the middle.

For these reasons, I am of opinion that the complainant has title to the land in the alley, subject to the easement of a public highway over the same.

The contract or agreement to convey, describes this part of the premises as " all the said alley adjoining the said premises, excepting the right of way, which others have of passing over said alley." The complainant represented that this alley was a private way, and that Kirk and two or three others not named, were the only persons who had a right of way over it.

The description in the agreement of the easement, by calling it " the right of way which others have of passing over said alley," although, perhaps, more appropriate to designate the incorporeal hereditament known as a private way, yet is sufficient to designate a public highway. A public highway is simply a right for all citizens to pass over it. And I do not think that it is a good defence against the performance of this contract, that the right so excepted is a public highway, and not a private right of way.

The representations made by the complainant at the agreement, are a different matter. He said it was only a private way in Kirk and a few others. This is a clear misrepresentation, perhaps unintentional, yet if it is of a matter that materially affects the value or use of the property, it bars the complainant's right to a specific performance. In this case there is no allegation of fraudulent intention. Then, as a misrepresentation without fraud, by mistake or inadvertence, or ignorance of a matter not material, will unquestionably not bar the right to specific performance, the question remains whether this is such a material misrepresentation. The part of the representation which refers to the right to have a boiler under, and to build over the alley, is a mere opinion as to the legal right, which the defendants were bound to know, and for which they cannot be considered as relying on the complainant. If the vendor of a lot tells a

purchaser that he has a right to build a shop upon the sidewalk in front, it is an error as to the legal right, but cannot, in an action for specific performance, be treated as a misrepresentation, which must be of fact. But if the fact that this alley was a public highway, would deprive the defendants of rights which they would have had if it was only a private way, as represented, then the misrepresentation is of a very material matter, which must bar the complainant in this suit.

The owner of the land over which a public highway runs, is entitled to every use of it, and of all above and below its surface, which is not inconsistent with the free use of it as a highway for the passage of all citizens over it. Lord Mansfield, in *Goodtitle* v. *Alker*, 1 *Burr*. 133, quoting from 1 *Roll. Abr.* 392, *letter B, pl.* 1, 2, says : " That the King has nothing but the passage for himself and his people ; but the freehold and all profits belong to the owner of the soil ; so do all the trees upon it, and the mines under it, which may be extremely valuable. The owner may carry water in pipes under it." In that case it was held that the owner could maintain ejectment for it, or tresspass for an injury upon it. This doctrine has since been universally recognized as law. In *Winter* v. *Peterson*, 4 *Zab.* 524, the Supreme Court of this state held that the owner of lands bounded by a public highway, and who was therefore considered as owning to the middle thereof, might maintain trespass against an overseer of the highway for cutting down a tree standing in the highway, which was not required to be cut for the convenient use of the road by the public. And in *Wright* v. *Carter*, 3 *Dutcher* 76, the same court held that ejectment would lie by the owner of the fee, for lands in a highway occupied for other purposes. And the Court of Errors, in reviewing that case, held that building a tollhouse was such improper occupation, and gave judgment for the owner to recover the land occupied by it. The only limitation of the use of the land is, that such use shall not interfere with the free passage of the public over it. The owner may put a vault or boiler under a public highway,

if it does not interfere with the use of the highway. In an alley of ten feet wide, it might not be possible to remove, or repair, or replace the boiler, without interrupting the use of the road by the public. But the same difficulty precisely would arise if it was a private way. He would have no right to interrupt the owners of the right. In one case the remedy is by indictment, in the other, by civil suit. It may be questioned which is most severe. But the question before me is as to the right, not as to the remedy, and I am of opinion that the defendants would have precisely the same rights in this alley if it is a public highway, as if it was subject to a private right of way only. The right of building over it is the same in one case as the other. A building which does not interrupt the passage over it or so darken it as to injure the usefulness of it or its repairs, might perhaps, be extended over either. It is not necessary to decide whether it could or could not, but if it could be extended over a private way, it could over a highway. If so, the misrepresentation was not material.

The defendants, at making the agreement, were fairly apprised that there was a right of way by a number of persons over this alley, and they were bound to know the legal consequences of such right upon their use of the land. And if these consequences are not more injurious in the case of a highway, and the misrepresentation was not fraudulent, it will not in equity bar the enforcement of the agreement by specific performance.