HARRIET JACKSON

*v.*

HENRY ROE and SADIE ROE.

[Submitted May 25th, 1916. Decided June 22d, 1916.]

A devise to J. of the farm on which she is living "lying in O. township," includes a tract of woodland always treated and used as part of the farm, for farm purposes, and otherwise undisposed of, and on which testatrix for years after making the will, paid taxes, in connection with and as part of the farm, to O. township, though by division of O. township such tract was in another township; the words "O. township" being rejected, as to it, as partial misdescription.

*Messrs. Durand, Ivins & Carton,* for the complainant.

*Messrs. Patterson & Rhome,* for the defendants.

FOSTER, V. C.

This bill is filed to quiet title to a tract of land situate in Neptune township in the county of Monmouth.

The controversy arises over the construction of certain provisions of the will of Mary E. Newman, who died seized of the premises in question, leaving a will that was duly admitted to probate by the surrogate of Monmouth county on April 3d, 1913.

Mrs. Newman left no husband or issue surviving, and after

providing for the payment of her debts, the erection of a suitable tombstone for her husband, and making a devise of a small tract of woodland to other parties, she disposed of the balance of her estate to complainant and defendants by the following provisions of her will, which was executed on February 18th, 1904.

"Item: (2) I do give, devise and bequeath unto Henry Roe and his wife, Sadie Roe, the house and lots in West Park, nanely on prospec avenue, in neptune Township, and all the apurtenance thereto to be theirse forever allso, I do give, devise and bequeath unto Henry Roe and his wife, Sadie Roe, the two tracts of woodland known as the pine thicket and the track south and joineing said Pine thicket tract to be theirs forever said Tracts of land lying in the Township of Ocean."

"Item: I give, devise and bequeath unto Henrietta J. Jackson, wife of Goodenough Jackson, the farm on which they now live lying in the Township of Ocean to be hers forever."

"Item: The ballance of my estate of every description such as bonds and mortgages of which I may die seized the equal one half I give and bequeath unto Henrietta Jackson, wife of Goodenough Jackson and the other equal one half I give and bequeath unto Henry Roe and Sadie Roe, his wife, to be theirs forever."

It appears from the evidence that Mrs. Newman's father, Goodenough Truax, owned the farm of which testatrix died seized, for a great many years; that it was devised to testatrix by his will; that she lived on it for many years after his death; that complainant went there to live with testatrix; when she was a child about ten years old, and has continuously resided there since; that the total acreage of the farm including woodland is about eighty-nine acres; that about seventy acres are in Ocean township, and the tract in question, of about nineteen acres of woodland, is now located in Neptune township.

Originally the entire farm was in Ocean township. By an act of legislature passed in 1879, the township of Neptune was created out of a portion of Ocean township, the division line of the two townships passing through the farm, and shortly thereafter a public road called Asbury avenue was opened on the new township line, passing through the farm and leaving the premises in question, and a small triangular piece of cleared land, lying south of this road and in Neptune township.

In addition to the lands in question, testatrix also died seized of two other tracts of woodland in Ocean township lying on the east side of the county road, adjoining each other, and lying opposite the southeasterly part of the farm; the northerly of these two tracts containing about nine acres she acquired under the will of her husband, Corlies T. Newman, and the southerly tract containing about ten acres, she acquired under the will of her father.

It will be observed that by their terms each devise is limited to lands lying in Ocean township, and that no reference is made in the provisions of the will to any lands of testatrix lying in Neptune township. The proofs show that until within two or three years of her death, Mrs. Newman was not assessed for taxes for any lands lying in Neptune township, and paid taxes only on lands assessed in Ocean township. It further appears that the premises in question continued to be used as part of the farm after Neptune township was established and after Asbury avenue was laid out, and up to the time of Mrs. Newman's death, by her and by complainant, as the occupant of the farm, and that complainant is now in possession of the entire farm including the premises in question, and no action is pending affecting her title to the same.

The evidence further shows that testatrix and her father had used this tract of woodland in question, and the small piece of cleared land therein, in connection with and as part of the farm, and that testatrix had permitted complainant, during her occupancy of the farm for many years, to do the same. This was the tract of land from which firewood for the home and wood for other use on the farm was cut, and it was always treated and used like any other part of the farm, for farm purposes. Taxes were paid on it by the testatrix in connection with and as part of the farm to Ocean township years after the will was made. Testatrix first paid taxes on the part of the farm in question to Neptune township years after the will was made, and it is not unreasonable to assume that she had forgotten, if she ever knew, that this part of her farm was in Neptune township, and was only reminded of the fact shortly before her death by the receipt of a tax bill from Neptune township. Years

of residence upon the farm by testatrix, with and without complainant, acquainted her with the value and necessity of this tract of land to the proper enjoyment of the rest of the farm.

It further appears that of the two tracts of woodland lying east of the county road, and containing about the same acreage as the premises in question, the northerly or nine-acre tract was and is locally known as the "pine thicket," because of the dense growth of pines on it, and on the southerly of these tracts the timber was and is chestnut and hickory with very few pines, and that this southerly tract of woodland was not considered or referred to by Mr. or Mrs. Newman or their neighbors as the "pine thicket."

It further appears that the tract involved in this action does not lie south and adjoining the "pine thicket," whether this term be held to apply to one or both tracts of woodland, but that it lies west of the county road and south of Asbury avenue, and that it is separated from the "pine thicket," and in fact from both tracts of woodland, by these roads and also by lands owned by one David Slocum.

Complainant's contention is that the devise to her of the farm on which she was living, when the will was made in 1904, and when testatrix died in 1913, includes the premises in question as part of the farm. Defendants contend—*first,* that the two tracts of woodland and not the northerly tract alone constitute the "pine thicket," and that the premises in question lying southwesterly of this pine thicket and separated from it as stated, and located in Neptune township, is the tract which testatrix described as "south and joineing said pine thicket tract" * * * in Ocean township; and *second,* that if this contention is not sustained, then that the lands in question were not devised to complainant as part of the farm, but were disposed of by the residuary clause of the will, under which the residue of the estate is equally divided between complainant and defendants.

The only doubt as to the intention of the testatrix arises from the fact that she devised to complainant the farm on which she was living in Ocean township, while part of the farm, the tract in question, is located in Neptune township.

To remove the ambiguity as to what constituted the farm on which complainant lived, when the will was made and testatrix died, and also as to the identity of the "pine thicket" tract, evidence was received to ascertain the sense in which these terms were used by testatrix, and this evidence was convincing that the premises in question were always used, treated and referred to as part of the farm, without regard to the township in which they were located, and that the "pine thicket" was the northerly of the two tracts of woodland, and not the premises in question, which does not answer the description of the will, by lying south of and adjoining the "pine thicket," in Ocean township.

No doubt regarding the intention of the testatrix to devise her entire farm to complainant would exist, were it not for the description connected with the devise, to the effect that the farm devised, and on which complainant was living, was located in Ocean township; but under the proofs and applying thereto the rule stated in *Griscom* v. *Evens, 40 N. J. Law 402,* I think this doubt should be resolved in favor of complainant, and the descriptive words "Ocean township" being only partially true, should be rejected as mistaken description.

A decree will be advised that the devise to complainant included the premises in question.