Fanny Virginia Hartfield

*v.*

The Pennsylvania Company for Insurance on Lives and Granting Annuities and Alice E. Brown, executrix of the estate of Charles English, deceased.

[Submitted April 1st, 1918.   Decided April 3d, 1918.]

Where a testator purchased a tract of land, and later an adjoining tract, after which he erected a house on the first tract and fenced in both tracts for a lawn, his devise of it as "my house" included both tracts.

On final hearing on bill to quiet title.

Complainant has filed a bill to quiet title to certain real estate in the city of Beverly. Defendants have answered admitting complainant's peaceable possession and asserting an adverse title.

46          CASES IN CHANCERY, 1917–1918.

. Hartfield *v.* The Penna. Co. for Ins., &c.        *89 N. J. Eq.*

No demand for an issue at law having been made, final hearing has been had on the issue of title raised by the pleadings.

No dispute exists touching the facts. The issue of title is wholly dependent upon the construction of a clause in the last will and testament of Charles English, deceased. That clause is as follows:

"Third: I order and direct that my wife be suffered and permitted to occupy and have the use of my house in Beverly and its contents for and during the full term of her natural life, and from and after her decease, I give, devise and bequeath the same unto my daughter, Alice E. Brown, absolutely, if she be then living or should she predecease my said wife, then I give, devise and bequeath the same unto my said wife, absolutely if she be living at my decease."

It is to be herein determined what land passed by the above-quoted devise of "my house in Beverly." Whatever land passed by that devise is now owned in fee by complainant by virtue of a deed of conveyance from Alice E. Brown, who survived testator's widow.

The material facts touching the issue stated are as follows:

March 13th, 1885, one Diehl conveyed to testator a tract or lot of land in Beverly fronting eighty feet on the east line of Jennings street and extending easterly in depth one hundred and twenty feet, more or less. October 7th, 1886, testator purchased from Diehl an adjacent tract of land at the north and also in the rear of the land first purchased, the tract so purchased being in the shape of the letter "L" and embracing the land lying between the lot first purchased and Church street and land in the rear of the tract first purchased. This tract had a frontage on Jennings street of forty feet and extended along Church street one hundred and sixty feet and embraced forty feet in the rear of the tract first purchased. By these two purchases testator became the owner of a rectangular tract one hundred and twenty feet in frontage on Jennings street and one hundred and sixty feet on Church street.

Thereafter testator erected a dwelling-house on the land so owned by him. The dwelling-house was located on the land described in the first conveyance above referred to and a lawn was made by testator embracing the remaining portion of his land,

and the whole was then surrounded and enclosed by a fence and no visible or distinguishable trace was left of the lines which originally divided the two tracts of land. The dwelling-house was then occupied by testator as his home during the remainder of his lifetime, and the surrounding land above referred to as a lawn was so used and enjoyed by him. Testator's will was executed while he was so enjoying his home. Testator owned no other house or home in Beverly.

Defendants claim that the land secondly purchased by testator does not pass by the above-quoted devise of "my house in Beverly."

*Messrs. Thompson & Smathers,* for the complainant.

*Mr. Clarence E. Knauer,* for the defendants.

LEAMING, V. C.

The devise of testator's house clearly included the entire tract of land embraced within the boundaries of the two conveyances to testator.

In *15 Am. & Eng. Encycl. L. (2d ed.) 771,* it is stated that in a devise or grant the word "house" will carry the land upon which the house is built and the curtilage. The authorities there cited adequately support the rule as stated. In *10 Ibid. 353,* substantially the same rule is stated as follows:

"At common law the term 'dwelling-house' included not only the premises actually used as such, but also such outbuildings as were within the curtilage, or courtyard, surrounding the mansion house."

In *Derrickson v. Edwards, 29 N. J. Law 468, 474,* our court of errors and appeals, in a mechanics' lien case, has defined a curtilage as follows: "A curtilage is a piece of ground within the common enclosure belonging to a dwelling-house, and enjoyed with it, for its more convenient occupation." In harmony with these views Chancellor Runyon held, in *Lanning v. Sisters of St. Francis, 35 N. J. Eq. 392, 401,* that the following devise: "I will my house to * * * No. 160 Rose Street Trenton" was

a devise of all of the land of testatrix adjacent to the house that had been used in connection with the house; and in *Inhabitants of Phillipsburg* v. *Bruch's Executors, 37 N. J. Eq. 482, 485,* Vice-Chancellor Van Fleet gave approval of *Bennett* v. *Bittle, 4 Rawle 339,* and *Rogers* v. *Smith, 4 Pa. St. 93,* to the effect that a devise of a "house," without further descriptive words, is to be deemed to be synonymous with messuage and to pass all within the curtilage of the house.

These principles are conclusive of the present case. The land embraced within the boundaries of the two conveyances to testator was not only used by testator as one tract comprising the land on which the house rested and a lawn surrounding his house, but was also enclosed by him with a fence, and, thus enclosed, was used by him exclusively as a residence property. The lawn thus formed a part of testator's home and must be deemed to have passed by the devise of his house.

I will advise a decree quieting complainant's title as against defendants.