OTTO BUHRING, sole trustee, &c., complainant,

*v.*

NATIONAL STANDARD Co., defendant.

[Decided April 22d, 1940.]

*Mr. William J. Miller,* for the complainant.

*Messrs. Kellogg & Chance,* for the defendant.

FIELDER, V. C.

The bill herein was filed by Otto Buhring as sole trustee under the will and codicil of Cord Meyer, seeking a decree against defendant, National Standard Co., for specific performance of a written contract wherein defendant is vendee, entered into October 4th, 1939, by complainant as such trustee and as grantee of Dorothea C. M. Meyer, as vendor, for the purchase and sale of real property situate in Hudson county of which Cord Meyer died seized. The case is submitted without proofs on the allegations of the bill, all of which are admitted by defendant's answer save the allegation that complainant has power and authority to make such a conveyance as will convey a good and marketable title. All the facts stated herein are gathered from the bill and from copies of the will, codicil and contract annexed to the bill.

Cord Meyer died July 5th, 1911. By his will and codicil he gave to his wife Dorothea C. M. Meyer, his entire personal and real estate to hold for her life and "upon the death" of his wife, he gave and devised his entire estate to his executors in trust to sell "as soon after the death" of his wife as might be practicable and out of the proceeds of sale to pay (first) five specific legacies, with the proviso that should any of those legatees die before his wife, the legacy given to such individual should fall into his residuary estate, and (second) to pay the remainder of the proceeds of sale to twenty individuals and their successors in equal shares, except that should Doretta Mauer (one of said twenty individuals) die before his wife, her share should be paid to her son.

He appointed his wife executrix, "and upon her death and for the purpose of executing the trust and sales and distribution hereinbefore made and mentioned," he appointed Frida Werhan and Otto Buhring her successors as executors. By

his codicil he appointed Henry Hoyer to be an additional "executor and trustee" after his wife's death. Letters testamentary were granted the wife by a court not named and she continued as such executrix until April 13th, 1939, when she petitioned the Hudson Orphans Court for her discharge and that court by its order entered May 26th, 1939, discharged her as executrix and appointed complainant executor and sole trustee under testator's will and codicil, Frida Werhan having renounced that office and Henry Hoyer having died.

October 2d, 1939, Mrs. Meyer released and discharged complainant as executor and trustee from all claims, demands and interest in the testator's estate, and particularly by reason of the life estate given her by testator's will and codicil. At the same time she conveyed to complainant as trustee aforesaid, her interest in the real property which, two days later, complainant contracted to convey to defendant. Complainant contends that Mrs. Meyer's act in surrendering her life estate and making said conveyance to him, terminated her entire interest in the testator's estate and accelerated the time for distribution among the remaindermen, and that by virtue of his said appointment as executor and trustee, he now has power to sell the real property for the purpose of making such distribution, and to convey to defendant good title thereto. Mrs. Meyer is still alive.

Assuming that the Hudson Orphans Court had jurisdiction to appoint complainant executor and trustee, decision as to his power to sell and to convey a good and marketable title depends on a proper construction of testator's will and codicil and such construction is sought in this case without the presence of any party interested in the provisions of the will and codicil, on mere allegations of the bill which although admitted by defendant are not supported by any proofs, and the court is asked to determine what the testator's intention might be in a situation he probably did not foresee, since he made no provision for the contingency. It would have been better for complainant to have presented a bill for construction of the will and codicil, making parties thereto all per-

sons who claim or might claim an interest thereunder, in which case not only the question of complainant's power to sell, but also all rights under the will and codicil could be determined and settled. *Day* v. *Devitt, 79 N. J. Eq. 342; Brezinski* v. *Breves, 109 N. J. Eq. 206.*

If construction of the entire will and codicil were sought the questions would be: Was it the testator's intention that complainant could not be appointed executor and trustee and as such proceed to sell and distribute his estate, until after his wife's death? Was it his further intention that the right of the legatees named in his will and codicil to come into possession of their legacies, should depend on their surviving his wife? Or, can it be said to be the testator's natural intention, in case his wife renounced all interest in his estate and sought and obtained her discharge as executrix, that complainant should succeed her as executor with power of sale for the purpose of distribution among the legatees, and that such legatees should take vested interests on his death of which they should come into possession immediately on termination of his wife's interest in the estate?

. I am not concerned with the rights of the legatees in the proceeds of a sale—whether their rights became fixed on Mrs. Meyer's surrender of her life estate, or whether such rights depend on their surviving Mrs. Meyer. *Schmieder* v. *Meyer, 97 N. J. Eq. 335.* That is a question for determina tion in some other proceeding. I am merely concerned with the question whether complainant has power of sale. The pertinent expressions of the will and codicil are that "upon the death" of testator's wife, the persons to be appointed his executors should take his estate in trust to sell as soon "after the death" of his wife as may be practicable.

The primary intention of the testator was to make provision for his wife and he desired that she should have the right to enjoy such provision for her life. It was his further intention that when his primary purpose could no longer be given effect, his estate should be sold and the proceeds be divided among specified legatees according to the terms of his will and codicil. Standing alone and in the absence of

any express or clearly implied provision to the contrary, his direction that his estate should not be sold until after his wife's death was wholly for her benefit, and should be taken to be a prohibition against sale so long as she might remain in possession of her life estate. By her release and surrender and her conveyance to complainant she effectually terminated such life estate and her act accelerated the time for sale. *Beideman* v. *Sparks, 61 N. J. Eq. 226; affirmed, 64 N. J. Eq. 374; Anthony* v. *Camden Safe Deposit and Trust Co., 106 N. J. Eq. 41; Bennett* v. *Fidelity Union Trust Co., 123 N. J. Eq. 198.* The direction in the will and codicil that the persons whom testator named as substitute or successor executors "upon the death" of his wife should take his estate in trust, and the power he conferred on them to sell as soon "after her death" as practicable, must be taken as intended to become operative upon the termination of his wife's estate, whether by her death or by other effective cause, and I therefore conclude that if complainant was properly appointed executor and trustee, he is entitled to exercise a valid power of sale under which he can convey marketable title to defendant in fee-simple.

The allegations of the bill touching probate of testator's will and codicil and the subsequent proceedings thereunder, are indefinite and insufficient. It may be gathered therefrom that testator's domicile at the time of his death was in Delaware County, in the State of New York and that original probate was made before the surrogate of that county, and it may be inferred that that official granted letters testamentary to Mrs. Meyer. The bill states that "ancillary probate was made" in Hudson county in this state, by filing a copy of the original record with the surrogate of that county. Whether letters testamentary were granted by said surrogate to Mrs. Meyer pursuant to the statute (now *R. S. 3:2-37* and *38*), is not stated but I assume that the record was filed in Hudson county merely for the purpose of making title to the lands complainant has contracted to sell to defendant. If letters testamentary were granted to Mrs. Meyer by the Hudson county surrogate, such grant could be only of ancil-

lary administration because Mrs. Meyer's right and the right of any successor executor to finally administer such part of testator's estate as is within Hudson county, arises out of probate of the will and codicil at the place of testator's domicile.

When Mrs. Meyer desired to be discharged as executrix, the proper procedure was to petition the court of original jurisdiction and file with the Hudson county surrogate a certified copy of that court's order discharging her and appointing complainant as executor and trustee in her place, whereupon power of sale under the will and codicil would be vested legally in complainant. *In re Devine, 62 N. J. Eq. 703; Smith* v. *Abbott, 79 N. J. Eq. 117; In re Carter's Estate, 88 Atl. Rep. 1085; Maas* v. *Leblang, 101 N. J. Eq. 167; affirmed, 102 N. J. Eq. 335; In re Brooks, 106 N. J. Eq. 242.* The bill does not disclose that such proceedings were had in Delaware county and I am informed by complainant's counsel that they were not; thus we have the situation that Mrs. Meyer is still executrix under the original grant of letters to her, while complainant claims to be executor under order of the Hudson Orphans Court.

I conclude that the Hudson Orphans Court was without jurisdiction to entertain and grant Mrs. Meyer's application for her discharge or to appoint complainant as executor and trustee in her stead, and therefore complainant cannot execute a deed to defendant which will convey a good and marketable title.

The bill of complaint will be dismissed without prejudice.