This suit was brought by complainant, a mortgagee, to correct a mistake in the mortgage and to compel the defendants Charles A. Russo and Ines Russo, his wife, to execute a deed conveying to complainant a tract approximately 25 feet square which was intended to be covered by the lien of the mortgage. The suit is brought after foreclosure of the mortgage and after sheriff's deed to complainant, conveying the premises as described in the mortgage itself and therefore with the erroneous description, and excluding accordingly the 25 foot square tract in question. The prayer of the bill is that the mortgage be reformed by correcting the description so as to include the tract that a strict foreclosure be had against Russo and his wife, and that they be required to convey the tract in question to complainant.
The mortgage foreclosed was a substitute for a prior mortgage which unquestionably covered the 25 foot square tract as well as the adjoining tract; and as shown by the testimony, was intended to cover both tracts. The prior mortgage was canceled of record upon the execution of the subsequent mortgage. There was no consideration for the cancellation of the prior mortgage, except the execution of the other.
The premises intended to be covered by the mortgages consists of two tracts. One is designated as No. 132 Oliver Street and is 25.3 feet in width and 50 feet in depth. The other is a plot, 25 feet by 25 feet, adjacent to and in the rear of 132 Oliver Street, and is part of and the rear 25 foot *Page 234 
portion of, lot designated as No. 64 Jersey Street, which runs at right angles to 132 Oliver Street. Both 64 Jersey Street and 132 Oliver Street were owned by the same owner, Urbano Zazzella, who, with his wife, Mathilda, executed to respondent, the prior mortgage to secure the payment of $4,000. He died in September, 1932, seized of 64 Jersey Street, 132 Oliver Street and other property and leaving a will, without naming an executor, and his widow, Mathilda Zazzella, was appointed administratrix of his estate with will annexed. In his will he provides that his widow shall have the enjoyment of his property during her life and that on her death, 132 Oliver Street go to his son, Louis or Luigi Zazzella, and that 64 Jersey Street go to his five daughters, and that if his widow wishes to sell it must be with the consent of his three male children. The widow, Mathilda Zazzella, and his son, Louis or Luigi Zazzella, and Helen, his wife, executed to respondent the subsequent mortgage.
The constructions, and the character of the constructions, on 132 Oliver Street and the rear 25 feet of 64 Jersey Street, make necessary the use of the rear plot for the beneficial enjoyment of 132 Oliver Street, and disclose the intent of Urbano Zazzella to have one be part of the other and treated as one and the same piece of land.
The description in the subsequent mortgage covers two tracts, the first of which is No. 132 Oliver Street and is not in controversy. The mortgage proceeds with the following description:
Second Tract: Beginning at a point in the westerly line of lot known as No. 132 Oliver Street, distant fifty feet southerly from the southerly side of Oliver Street, and running thence (1)westerly and parallel with Oliver Street, twenty-five feet; thence (2) southerly and parallel with Jersey Street, twenty-five feet; thence (3) easterly and parallel with Oliver Street, twenty-five feet, and thence (4) northerly and parallel with Jersey Street, twenty-five feet to the place of beginning.
The first tract being the same premises conveyed to Urbano Zazzella by Constantino Cestaro and his wife, by deed dated May 10th, 1916, and recorded in Book W-25 of Deeds for Passaic County, pages 229, c., and the second tract being *Page 235 part of the same premises conveyed to Urbano Zazzella by Orazio Corsetto and his wife, by deed dated September 19th, 1921, and recorded in Book E-29 of Deeds for Passaic County, page 253.
In fact, since all of the lot known as No. 64 Jersey Street lies easterly of the southerly extension of the westerly line of No. 132 Oliver Street, the courses and distances given in the description of the second plot are not at all a part of No. 64 Jersey Street. The course No. (1) in the description should read "easterly" instead of "westerly" and similarly in the course No. (3) the word "easterly" should read "westerly." It was convincingly shown before me that the reversing of these two courses was by a mistake which was not discovered until after the foreclosure suit had been complete and a sheriff's deed containing the erroneous description executed. As additional proof that it was intended to cover the rear 25 foot square portion of 64 Jersey Street will be noted in the foregoing description — the second tract is referred to as being part of the premises, conveyed to Urbano Zazzella, in 1921. This is meaningless under the words actually used in the mortgage, but otherwise with the correct description.
Under these facts, complainant would clearly be entitled to a lien on the second tract, unless other rights superior to those of complainant had arisen in the meantime. It is the contention of the defendants, Russo and his wife, that this court has no power or authority to foreclose the 25 foot square tract against them, and that they have acquired a title which is superior to that of complainant. Their rights, if any, arose in 1937, after the execution of the subsequent mortgage, by a deed of the widow of Urbano Zazzella and all of his children and their respective spouses, except one of the daughters, Ines Russo and her husband; conveying to her and her husband all of 64 Jersey Street. The defendants Russo, as shown by the testimony, had knowledge of the prior mortgage and the events whereby the payment of the sum due under it was postponed, thereby avoiding foreclosure of it. They also know that the beneficial enjoyment of 132 Oliver Street was impossible without the rear 25 foot square part of 64 Jersey Street. *Page 236 
The evidence clearly shows that for years this 25 foot square portion was encroached upon by the building on 132 Oliver Street and was otherwise exclusively put to use as appurtenant thereto. Defendants Russo were not innocent purchasers for value. There was no evidence that they paid any consideration for the conveyance to them; and it clearly appeared that they had knowledge of the burdens imposed on the rear 25 foot square and took subject to them. They were parties to the foreclosure and interposed no defense.
It is contended on behalf of defendants Russo that this court had no jurisdiction but that only a court of law can have jurisdiction over a suit involving title to real estate. In my opinion this contention is unsound. This court is not deprived of jurisdiction merely because title to real estate may be involved; providing the court otherwise has jurisdiction.
It is, of course, a familiar rule that Chancery will settle all questions, both legal and equitable, if jurisdiction exists.Cahill v. Town of Harrison, 87 N.J. Eq. 524. The correction of mistakes in documents is of course a familiar ground of equity jurisdiction. In Wuesthoff v. Seymour, 22 N.J. Eq. 66, a deed in its metes and bounds omitted a strip 10 feet in width from the property intended to be conveyed, but continued by referring to the premises as being the same conveyed by previous deed. The 10 foot strip was included in this previous deed. The courts granted specific performance of a contract relating to the premises so as to include the 10 foot strip omitted by mistake.
In Swedesboro Loan and Building Association v. Gans, 65 N.J. Eq. 132,
suit was brought to foreclose a mortgage which had been canceled upon the record. Acting upon a mistake as to title, the mortgagor without receiving any consideration satisfied the mortgage. It was held that a mortgage should be reinstated and foreclosure should proceed thereunder it.
In Loss v. Obrey, 22 N.J. Eq. 52, a proposed sale of lands in which infants were interested was referred to a special master. A report was made which was confirmed and a deed executed. By mistake, part of the lands intended to be conveyed was omitted. The court says: "To correct deeds for *Page 237 
fraud or mistakes in them is one of the ancient and well established heads of equity jurisdiction and it is the duty of the court where such fraud or mistake is clearly proved, to correct it by any means in its power to effect the amendment and the object of it.
"The authorities are numerous and uniform which establish this principle. 1 Story Eq. Jur. §§ 152-160. Lord Hardwicke recognized and acted upon it in Baker v. Paine, 1 Ves. sen.457; Henkle v. Royal Exchange Assurance Co., Ibid. 317, andMotteux v. London Assurance Co., 1 Atk. 545. * * * Mistakes are corrected even where they occur in the records or proceedings of courts, and exist in the records themselves. This will be done, not by reviewing the judgments or proceedings of these courts, but by restraining the parties who may take advantage of such mistakes from doing so, or by compelling them to execute proper papers for the purpose of such correction. 1 Story Eq.Jur. § 166; Jeremy Eq. Jur. 192; Barnesly v. Powell, 1 Ves.sen. 119, 284, 289; De Riemer v. Cantillon, and Waldron v.Letson, supra.
"In this case the mistake can be corrected most effectually and simply, by the defendants executing to each of the complainants who have purchased parts of said tract, west of Luke Street, or who would have title to such parts if such mistake had not been made, deed conveying and releasing to each of them, respectively, the parts so purchased by each."
In view of the finding that a 25 foot square tract was subject to the mortgage under the description as corrected by this court, it is unnecessary to pass upon another contention of complainant; namely that by the terms of the will of Urbano Zazzella under the interpretation to be placed thereon in the light of the use of the tract as appurtenant to 132 Oliver Street, it was devised as a part thereof not to the five daughters of testator, but to Luigi Zazzella, so that defendant Russo never acquired any title whatever.
A decree will be advised directing the defendants Russo to execute a deed to complainant to the rear 25 feet of 64 Jersey Street. *Page 238