Meeting some diversity of opinion concerning their fiduciary rights and duties, the complainants, as trustees, desire a judicial interpretation of the Fourth article of the will of Susie Dryden Kuser, deceased.
The following portion of the article is pertinent:
"I give, devise and bequeath to my daughter, Cynthia Dryden Kuser, (sometimes known as Cynthia G.D. Kuser), absolutely, (but subject to such mortgages or other encumbrances as shall be thereon at the *Page 451 
time of my death) my property known as `Faircourt' in Bernardsville, County of Somerset and State of New Jersey, which includes all the parcels purchased from Mrs. Mabel F. Kunhardt, the estate of Frederick P. Olcott, deceased, the estate of George B. Post, deceased, John A. Roebling, Somerset Land Company, and Somerset Holding Company, consisting of about three hundred fifty acres of land, be the same more or less, * * *."
By the Seventh article of her will the testatrix devised and bequeathed the residue and remainder of her estate to her executors and trustees.
The testatrix died on March 10th, 1932, and in ordinary course her will was duly probated. In reliance upon the testamentary devise as expressed in the Fourth article of the will, the daughter, Cynthia Dryden Kuser (now Mrs. Herbst), assumed possession of the real estate known as "Faircourt" and, indeed, of all the parcels of land "purchased from Mrs. Mabel F. Kunhardt, the estate of Frederick P. Olcott, deceased, the estate of George B. Post, deceased, John A. Roebling, Somerset Land Company, and Somerset Holding Company," and she has ever since been in peaceful possession of them. Her absolute ownership of all the tracts of land so purchased by the testatrix has been in conformity with the practical construction ascribed to the Fourth article of the will by the adult beneficiaries of the estate and the executors and trustees.
On June 26th, 1944, Mrs. Herbst contracted to convey a part of the lands consisting of 64.97 acres which had been formerly granted to the testatrix by the Somerset Holding Company. The purchaser has declined to accept the conveyance from Mrs. Herbst with the insistence that the land embraced by the contract was not a part of the property known as "Faircourt," and therefore was not devised to Mrs. Herbst by the Fourth article of the will. If so, the title is vested in the trustees.
To eradicate the existing doubt, the complainants, as trustees, have chosen to pray for a construction of the will and a declaration of their rights. Cf. Day v. Devitt, 79 N.J. Eq. 342; 81 Atl. Rep. 368; Brezinski v. Breves, 109 N.J. Eq. 206;156 Atl. Rep. 429; Buhring v. National Standard Co., 127 N.J. Eq. 243,245; 12 Atl. Rep. 2d 632. *Page 452 
Any doubt of the genuine intention of the testatrix seems to me to be exceedingly slender. In these cases it is not an imprecise style of expression that is pre-eminent, but it is the manifest intention of the testatrix that is sacred and supreme.
The anxiety of the purchaser arises from the supposition that the lands devised by the testatrix to her daughter were only those actually and notoriously comprising the estate known as "Faircourt," and it is frankly acknowledged that the tract of land sought to be conveyed was not a segment of the residential premises commonly identified as "Faircourt." The tract is unimproved and is situate a mile or more distant from the site of "Faircourt."
And so, ex consequentia, I am not constrained to conduct an inquiry such as that pursued in such cases as Evens v.Griscom, 42 N.J. Law 579; Lanning v. The Sisters of St.Francis, 35 N.J. Eq. 392; Ackerman v. Crouter, 68 N.J. Eq. 49;59 Atl. Rep. 574; affirmed, 69 N.J. Eq. 839; 66 Atl. Rep. 1133;Jackson v. Roe, 86 N.J. Eq. 373; 98 Atl. Rep. 426; Hartfield
v. The Pennsylvania Co., c., 89 N.J. Eq. 45; 103 Atl. Rep. 804;Swetland v. Swetland, 100 N.J. Eq. 196; 134 Atl. Rep. 822;affirmed, 102 N.J. Eq. 294; 140 Atl. Rep. 279; Crandoll v.Garrison, 110 N.J. Eq. 279; 159 Atl. Rep. 610; Crandol v.Garrison, 115 N.J. Eq. 11; 169 Atl. Rep. 507; Italian-AmericanBuilding and Loan Association v. Russo, 130 N.J. Eq. 232;28 Atl. Rep. 2d 196.
The controversial situation shrinks to the inquiry whether the testatrix manifestly resolved to devise to her daughter the properties acquired from the designated vendors in addition to the premises particularized as "Faircourt." I am not retarded by any rational doubt.
The testatrix intended to devise to her daughter not only her property known as "Faircourt," but also all other parcels acquired from the sources specifically mentioned by her in the pertinent paragraph of her will. The pronoun "which" relates not to "Faircourt," but to the noun "my property." Her own words may be easily re-allocated and transposed to express more definitely her evident intention: I * * * *Page 453 
devise * * * to my daughter, Cynthia Dryden Kuser * * * absolutely * * * my property in Bernardsville, Somerset County, and State of New Jersey, which includes "my property known as `Faircourt' and all the parcels purchased from * * * Somerset Holding Company."
The acreage here involved was acquired by the testatrix from Somerset Holding Company and is located in the Borough of Bernardsville. No part of the estate called "Faircourt" was obtained from the Somerset Holding Company. The total acreage of "Faircourt" is 290. The testatrix obviously infused in her devise the parcel purchased from the Somerset Holding Company, and in the existing context of her will there is neither justification nor excuse for rendering those words ineffective and inoperative.
The conclusion is that the title of the tract of land described in the bill was vested in Cynthia Dryden Kuser by virtue of the testamentary devise expressed in the will of the decedent.
A decree will be advised accordingly.